## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MCR OIL TOOLS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. ___18-731___ |
| SPEX OFFSHORE, LTD., | § | |
| SPEX SERVICES, LTD., | § | |
| SPEX OFFSHORE (UK) LTD., | § | |
| SPEX GROUP US LLC, and | § | |
| SPEX ENGINEERING (UK) LTD., | § | |
| | § | |
| *Defendants.* | § | |

### DEFENDANT SPEX OFFSHORE (UK), LTD.'S NOTICE OF REMOVAL

Defendant SPEX Offshore (UK) Ltd. ("Defendant") hereby removes this action from the 95th Judicial District Court, Dallas County, Texas, to this Court pursuant to and in accordance with 28 U.S.C. §§ 1332, 1441. As grounds for this removal, Defendant states as follows:

### FACTS

1.     On December 27, 2017, Plaintiff MCR Oil Tools, LLC ("MCR") filed a lawsuit in the 95th Judicial District Court for Dallas County, Texas, against SPEX Offshore, Ltd. (a/k/a SPEX Offshore (UK), Ltd.), SPEX Group US LLC, and SPEX Engineering (UK), Ltd. (Vol. 1, MCR's Orig. Pet.).[1] MCR alleges, among other things, that Defendants misappropriated its trade secrets and engaged in unfair competition. (*Id.*) MCR seeks to recover "monetary relief over $1,000,000 and non-monetary relief" in this lawsuit. (*Id.* at ¶ 17).

---

[1] All citations to "Vol. #" refer to the Volume of the Index of State Court Filings accompanying this Notice of Removal where the referenced document may be found.

2.      The Original Petition alleges that MCR is a Texas limited liability company with its principal place of business in Arlington, Texas. (*Id.* at ¶ 6). It does not, however, identify the membership of the limited liability company. (*Id.*).

3.      On December 28, 2017, this case was removed to the United States District Court for the Northern District of Texas on the basis of federal question jurisdiction. Shortly thereafter, MCR moved to remand the action to state court on January 11, 2018. Ultimately, the Court determined MCR's claims did not arise under patent law and remanded this case to state Court on February 16, 2018.

4.      MCR filed its Second Amended Petition on March 19, 2018. (Vol. 4, MCR's Second Am. Pet.). The Second Amended Petition maintains the monetary demand of over $1,000,000 and adds claims against two additional defendants: SPEX Services, Ltd. and SPEX Offshore (UK), Ltd. (*Id.*).

5.      SPEX Offshore (UK), Ltd. was served with MCR's Second Amended Petition on March 19, 2018.

6.      On March 23, 2018, MCR served its responses to certain Interrogatories. (Ex. A, MCR's 1st Rog. Resp.). In response to Interrogatory No. 3,[2] MCR identified—for the first time—the members of MCR Oil Tools, LLC. (*Id.* at p. 3–4). Shortly thereafter, Defendant ascertained the state of domicile for each of the members of MCR, and, accordingly,

---

[2] Interrogatory No. 3 requested: "For each partnership, company or other business organization owned or controlled by ROBERTSON, whether directly or indirectly and whether individually or in combination any other PERSON, including without limitation MCR Oil Tools LLC, MCR Oil Tools International Inc., Nextech Research LLC, Horizon Design & Engineering LLC, Precision Perforators LLC, Pyrotronics LLC, Robertson Intellectual Processes LLC, Robertson Intellectual Properties LLC, Robertson Oil Tools LLC, Thermal Generators LLC, and Thermal Generators Inc., IDENTIFY the (i) partners, members or shareholders, (ii) officers, (iii) general partner(s), managing member(s) or director(s), and (iv) employees that work for more than more than one of the partnerships, companies or other business organizations identified."

became aware of facts that give rise to this Court's jurisdiction based upon 28 U.S.C. § 1332.

## DIVERSITY JURISDICTION

7.      A civil action initially filed in a state court is removable if the action is one which "the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C.A. § 1332(a).

8.      This action is removable because (1) this action is between citizens of a State (Texas) and citizens of a foreign state (the United Kingdom) and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

9.      Additionally, this Court is appropriate venue because this district and division embrace the place in which the removed action is pending. 28 U.S.C. § 1441(a).

**A.     This Action is Between Citizens of a State and Citizens of a Foreign State.**

10.     The federal alienage diversity statute gives federal courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of a State and citizens or subjects of a foreign state." *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 91 (2002). **1.**

***Citizenship of MCR***

11.     Because MCR is a limited liability company, its citizenship is the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

12.     Here, MCR's response to the Interrogatory No. 3 identified—for the first time—its five members: (1) Michael C. Robertson, (2) Sherry Robertson, (3) Michelle

Robertson, (4) Aaron Robertson, and (5) Monica Barlow. (*See* Ex. A, MCR's 1st Rog. Resp.). Based on its review of public records, Defendant is informed and believes each of MCR's members is domiciled in Texas. Specifically, the members are believed to be domiciled at the following addresses:

- Michael C. Robertson: 1419 Waterwood Drive, Mansfield, Texas 76063;

- Sherry Robertson: 5001 Deerwood Park Drive, Arlington, Texas 76017;

- Michelle Robertson: 4719 Westhaven Road, Arlington, Texas 76017;

- Aaron Robertson: 910 Killian Drive, Mansfield, Texas 76063; and

- Monica Barlow: 6250 Toscana Circle, Fort Worth, Texas 76140.

13.     Because each of MCR's members is a United States citizen domiciled in the State of Texas, MCR is a Texas citizen. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

**2.  *Citizenship of the Defendants***

14.     MCR's Second Amended Petition asserts claims against five entities: (1) SPEX Offshore, Ltd., (2) SPEX Services, Ltd., (3) SPEX Offshore (UK), Ltd., (4) SPEX Group US LLC, and (5) SPEX Engineering (UK), Ltd. (Vol. 4, MCR's 2nd Am. Pet.).

15.     SPEX Offshore, Ltd. was a private limited company incorporated under the laws of the United Kingdom and had its principal place of business in the United Kingdom. (Ex. B, Dec. of Jamie Oag). SPEX Offshore, Ltd. was dissolved under the laws of the United Kingdom being named a party to this lawsuit. (*Id.*). To the extent that SPEX Offshore, Ltd. is a proper party to this action, it is a citizen of the United Kingdom.

16.     SPEX Services, Ltd. was a private limited company incorporated under the laws of the United Kingdom and had its principal place of business in the United Kingdom. (*Id.*). SPEX Services, Ltd. was also dissolved under the laws of the United Kingdom before

being named a party to this lawsuit. (*Id.*). To the extent that SPEX Services, Ltd. is a proper party to this action, it is a citizen of the United Kingdom.

17.     SPEX Offshore (UK), Ltd. is a private limited company incorporated under the laws of the United Kingdom and has its principal place of business in the United Kingdom. (*Id.*). SPEX Offshore (UK), Ltd. is a citizen of the United Kingdom.

18.     SPEX Group US LLC is a Texas limited liability company. (*Id.*). Its sole member is SPEX Engineering (UK), Ltd., which is a citizen of the United Kingdom. (*Id.*). SPEX Group US LLC is therefore a citizen of the United Kingdom. *Stine*, 213 F.2d at 448.

19.     SPEX Engineering (UK), Ltd. is a private limited company incorporated under the laws of the United Kingdom and has its principal place of business in the United Kingdom. (Ex. B). SPEX Engineering (UK), Ltd. is a citizen of the United Kingdom.

20.     Accordingly, all defendants are citizens of the United Kingdom.

21.     Because MCR is a citizen of the State of Texas and all defendants are citizens of the United Kingdom, the diversity requirements of the alienage diversity statute are satisfied. 28 U.S.C. § 1332(a)(2).

**B.     The Amount in Controversy Exceeds $75,000.**

22.     To show that all the requisites for federal jurisdiction are met, a removing party must demonstrate that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). The amount in controversy is ordinarily established on the face of the complaint and the dollar-amount actually claimed. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Garcia*, 351 F.3d at 638 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

23.     Here, MCR's Second Amended Petition states that it "seeks monetary relief over $1,000,000." (Vol. 4, MCR's 2nd Am. Pet. at ¶ 19). Accordingly, the amount that MCR seeks from the defendants exceeds $75,000 and the amount in controversy requirement is satisfied.

## OTHER REQUIREMENTS FOR REMOVAL

**A.     Timeliness of Removal**

*1.     28 U.S.C. § 1446(b)(3)*

24.     Generally, a defendant is required to file a notice of removal of a civil action within 30 days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b)(1). However, "[w]hen removal is based on diversity of jurisdiction, this period commences only after receipt of an initial pleading that affirmatively reveals on its face that" the prerequisites of diversity jurisdiction are satisfied. *See Thornton v. Racetrac Petroleum Inc.*, No. 3:13-CV-1658-P, 2013 WL 11330885, at *2 (N.D. Tex. Nov. 22, 2013) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)).

25.     Accordingly, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

26.     Here, MCR's Second Amended Petition provides: "Plaintiff MCR Oil Tools, LLC . . . is a Texas limited liability company having its principal place of business at 7327 Business Place, Arlington, Texas 76001, USA." (Vol. 4, MCR's 2nd Am. Pet. at ¶ 6). The

state of registration and "[t]he principal place of business is quite beside the point and plays no role in determining the citizenship of a limited liability company." *Antero Res. Corp. v. C&R Downhole Drilling, Inc.*, No. 315-CV-3885-L, 2015 WL 13106330, at *2 (N.D. Tex. Dec. 9, 2015).

27.     Because MCR's Second Amended Petition failed to identify the citizenship of the members of MCR, Defendant could not determine whether diversity jurisdiction existed based on the face of the petition. *See id.* (holding that a plaintiff "must list or state the citizenships of all of the limited liability company members" to show that complete diversity exists and, therefore, that the court has subject matter jurisdiction). Therefore, the removal clock was not triggered until MCR responded to discovery and the basis for removal was first discovered on March 24, 2018, just five days after Defendant was served with process. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 398 (5th Cir. 2013); *see also* 28 U.S.C. § 1446(b)(3).

### 2. *28 U.S.C. § 1446(b)(2)(C)*

28.     Alternatively, to the extent that MCR's Petitions somehow revealed that the case was immediately removable, this Notice of Removal is still timely under 28 U.S.C. § 1446(b)(2)(C).

29.     Section 1446 codifies the "last-served defendant rule" and provides that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C); Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112–63 §§ 103, 205, 125 Stat. 758, 760, 764–65 (amending 28 U.S.C. § 1446).

30.     As such, even if MCR's Original Petition was removable on its face, Defendant may remove the action "within 30 days after the receipt by [Defendant], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Because Defendant accepted service of MCR's Second Amended Petition—the first pleading directed at Defendant—on March 19, 2018, the filing of this notice of removal is timely.

**B.      Permitted Successive Removal to Federal Court**

31.     The Fifth Circuit recognizes a defendant's right to seek a subsequent removal after remand. S.*W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492–93 (5th Cir. 1996) (citing *Browning v. Navarro*, 743 F.2d 1069, 1079–80 n. 29 (5th Cir. 1984)). "A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal." *Id.* (quoting *One Sylvan Road North Assocs. v. Lark Int'l, Ltd.*, 889 F.Supp. 60, 62, 63 (D. Conn. 1995)).

32.     In contrast to this previous removal, the basis for the instant Notice of Removal is diversity jurisdiction, rather than federal question jurisdiction. Accordingly, this second removal petition is permitted because subsequently acquired information revealed a new and different ground for removal.

**C.      Consent of All Required Parties**

33.     In order to comply with the removal requirements of Section 1446, all served defendants must join in the removal petition filed prior to the expiration of the removal period. 28 U.S.C. § 1446(b)(2)(A); *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002) (citing *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d at 1262 n. 9 (5th Cir. 1988)). This "simply requires that there be some timely filed written indication from each

served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action." *Id.* (citing *Getty*, 841 F.2d at 1262 n. 11) (internal punctuation omitted).

34.     Although a removing party must obtain the consent of each served defendant, consent is not required from unserved defendants. *See Warren v. Bank of Am.*, No. 3:16-CV-1373-M-BN, 2016 WL 4440494, at *3 (N.D. Tex. Aug. 2, 2016), report and recommendation adopted, No. 3:16-CV-1373-M, 2016 WL 4523910 (N.D. Tex. Aug. 22, 2016). Because SPEX Offshore, Ltd. and SPEX Services, Ltd. were dissolved under the laws of the United Kingdom before this lawsuit was filed and because they have not been served, their consent is not required. (*See* Ex. B, Dec. of James Oag). Accordingly, Defendant must only obtain the consent of SPEX Group US LLC and SPEX Engineering (UK), Ltd.

35.     To that end, SPEX Group US, LLC and SPEX Engineering (UK), Ltd. consent to the removal of this action to this Court.

**D.      Papers from Removed Action and Other Required Documents**

36.     As required by 28 U.S.C. § 1446(a) and Local Civil Rule 81.1, Defendant has attached to this Notice of Removal:

     a.  a completed civil cover sheet;

     b.  a supplemental civil cover sheet;

     c.  a notice of a related case under Local Civil Rule 3.3;

     d.  an index of all required documents;

     e.  a copy of the docket sheet in the state court action;

     f.  each document filed in the state court action, except discovery material; and

     g.  a signed certificate of interested persons that complies with LR 3.1(3).

**D.     Notice of Filing Notice of Removal**

37.    In accordance with 28 U.S.C. § 1446(d), and to effect removal, Defendant will file a true and correct copy of this Notice of Removal with the Clerk of the 95th Judicial District Court, Dallas County, Texas, Cause No. DC-17-17592.

**CONCLUSION**

**WHEREFORE**, Defendant SPEX OFFSHORE (UK) LTD. respectfully removes this action from the 95th Judicial District Court, Dallas County, Texas, Cause No. DC-17-17592, to the United States District Court for the Northern District of Texas.

Respectfully submitted,

*/s/ Craig D. Dillard*
Craig D. Dillard (#29150)
Federal ID No. 37591
Texas State Bar No. 24040808
Terrell Miller
Texas State Bar No. 24046446
Jason Sharp
Texas State Bar No. 24039170
GARDERE WYNNE SEWELL LLP
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, Texas 77002
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
cdillard@gardere.com
tmiller@gardere.com
jsharp@gardere.com

Steven C. Lockhart
State Bar No. 24036981
Robert T. Slovak
State Bar No. 24013523
Rachel Kingrey
State Bar No. 24068616

GARDERE WYNNE SEWELL, LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
slockhart@gardere.com
rslovak@gardere.com
rkingrey@gardere.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned Counsel hereby certifies that the foregoing has been served via ECF on this the 27th day of March, 2018, to the following:

Blake L. Beckham
Blake@beckham-group.com
Jose M. Portela
Jose@beckham-group.com
The Beckham Group P.C.
3400 Carlisle, Suite 550
Dallas, TX 75204
214-965-9301 (fax)


Frank Hill
fhill@hillgilstrap.com
Frank Gilstrap
fgilstrap@hillgilstrap.com
Greg Eyster
geyster@hillgilstrap.com
Hill Gilstrap, PC
1400 W. Abram
Arlington, TX 76013
817-861-4685 (fax)

*/s/ Steven C. Lockhart*
Steven C. Lockhart

Notice of
Removal

Exhibit A

Cause No. DC-17-17592

| | | |
|---|---|---|
| MCR OIL TOOLS, LLC, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 95TH JUDICIAL DISTRICT COURT |
| | § | |
| SPEX OFFSHORE, LTD., ET AL., | § | |
| | § | |
| *Defendants.* | § | DALLAS COUNTY, TEXAS |

### DEFENDANTS SPEX GROUP US, LLC AND SPEX ENGINEERING (UK), LTD.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF MCR OIL TOOLS, LLC

TO:    Plaintiff MCR Oil Tools, LLC ("*MCR*"), by and through its counsel of record, Blake L. Beckham and Jose M. Portela, THE BECKHAM GROUP, P.C., 3400 Carlisle, Suite 550, Dallas, Texas 75204 and Frank Hill and Frank Gilstrap, HILL GILSTRAP, P.C., 1400 W. Abram, Arlington, Texas 76013.

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 197, Defendants SPEX Group US, LLC and SPEX Engineering (UK), Ltd. serve this First Set of Interrogatories to Plaintiff MCR Oil Tools, LLC. Responses to these requests are due within three (3) days following service of this request in the offices of Gardere Wynne Sewell LLP (attention: Steven C. Lockhart), 2021 McKinney Avenue, Suite 1600, Dallas, Texas 75201, or at such other location as may be agreed in writing by counsel for the parties.

### DEFINITIONS AND INSTRUCTIONS

1.    Unless otherwise indicated, the use in the requests of the name of any party, person or business organization shall specifically include all agents, employees, shareholders, owners, officers, directors, joint venturers, representatives, general partners, limited partners, predecessors, successors, attorneys, divisions, subsidiaries, parent corporations, affiliates and all other persons acting or purporting to act through, on behalf of, at the direction of, or under the control of the subject party, person or business organization.

2.    The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be construed to be outside their scope.

3.    "IDENTIFY" means:

a.    when used in reference to a natural person, to state (1) the person's name, (2) present or last known residential and employment addresses, and (3) telephone numbers;

b.    when used in reference to an entity other than a natural person, to state (1) its full name and type of entity, (2) present or last known address of its principal office or place of business, and (3) state and date of incorporation if a corporation.

4.    "LAWSUIT" means Case No. DC-17-17592; *MCR Oil Tools, LLC v. SPEX Offshore, Ltd., et al.* in the 95th Judicial District Court of Dallas Co., Texas.

5.    "PETITION" means *Plaintiff's Second Amended Petition, Request for Temporary Restraining Order and Application for Temporary and Permanent Injunctive Relief* filed in the Lawsuit on March 19, 2018.

6.    "ROBERTSON" means Michael C. Robertson.

## INTERROGATORIES

1.    Describe each misappropriated trade secrets which serve as a basis for Count Three of the PETITION, and include in the response the identity of all persons with knowledge of facts supporting or relating to this claim.

2.    Describe the misappropriated confidential information which serves as a basis for Count Four of the PETITION, and include in the response the identity of all persons with knowledge of facts supporting or relating to this claim.

3.    For each partnership, company or other business organization owned or controlled by ROBERTSON, whether directly or indirectly and whether individually or in combination any other PERSON, including without limitation MCR Oil Tools LLC, MCR Oil Tools International Inc., Nextech Research LLC, Horizon Design & Engineering LLC, Precision Perforators LLC, Pyrotronics LLC, Robertson Intellectual Processes LLC, Robertson Intellectual Properties LLC, Robertson Oil Tools LLC, Thermal Generators LLC, and Thermal Generators Inc., IDENTIFY the (i) partners, members or shareholders, (ii) officers, (iii) general partner(s), managing member(s) or director(s), and (iv) employees that work for more than more than one of the partnerships, companies or other business organizations identified.

Dated: March 20, 2018

Respectfully submitted,


*/s/ Craig D. Dillard*
**Craig D. Dillard**
Texas State Bar No. 24040808
cdillard@gardere.com
**Terrell Miller**
Texas State Bar No. 24046446
tmiller@gardere.com
Gardere Wynne Sewell LLP
1000 Louisiana, Suite 2000
Houston, Texas 77002
Tel: 713–276–5500
Fax: 713–276–5555


**Steven C. Lockhart**
Texas State Bar No. 24036981
slockhart@gardere.com
**Robert T. Slovak**
Texas State Bar No. 24013523
rslovak@gardere.com
**Rachel Kingrey**
Texas State Bar No. 24068616
rkingrey@gardere.com
Gardere Wynne Sewell LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Tel: 214–999–4668
Fax: 214–999–3668

**Attorneys for Defendants SPEX Group US
LLC and SPEX Engineering (UK) Ltd.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via e-mail on March 20, 2018, to the following counsel of record:

Blake L. Beckham
Blake@beckham–group.com
Jose M. Portela
Jose@beckham–group.com
The Beckham Group P.C.
3400 Carlisle, Suite 550
Dallas, TX 75204

Frank Hill
fhill@hillgilstrap.com
Frank Gilstrap
fgilstrap@hillgilstrap.com
Hill Gilstrap, PC
1400 W. Abram
Arlington, TX 76013

*/s/ Steven C. Lockhart*
Steven C. Lockhart

Notice of
Removal

**Exhibit B**

**CAUSE NO. DC-17-17592**

| | | |
|---|---|---|
| **MCR OIL TOOLS, LLC,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **95th JUDICIAL DISTRICT** |
| | § | |
| **SPEX OFFSHORE, LTD.,** | § | |
| **SPEX SERVICES, LTD.,** | § | |
| **SPEX OFFSHORE (UK) LTD.,** | § | |
| **SPEX GROUP US LLC, and** | § | |
| **SPEX ENGINEERING (UK) LTD.,** | § | |
| | § | |
| *Defendants.* | § | **DALLAS COUNTY, TEXAS** |

---

### PLAINTIFF'S RESPONSE TO DEFENDANTS SPEX GROUP US, LLC'S AND SPEX ENGINEERING (UK) LTD.'S FIRST SET OF INTERROGATORIES

---

**To:     Defendants SPEX GROUP US LLC and SPEX ENGINEERING (UK) LTD., by and through its attorney of record Steven Lockhart, Gardere Wynne Sewell LLP, 2021 McKinney Ave. Suite 1600, Dallas, Texas 75201**

Pursuant to Texas Rule of Civil Procedure 197, MCR Oil Tools, LLC ("MCR") serves these Plaintiff's Response to Defendants SPEX Group US, LLC ("SPEX Group") and SPEX Engineering (UK) Ltd.'s ("SPEX Engineering") (collectively "SPEX Defendants") First Set of Interrogatories.

MCR objects to definition/instruction #1 as it is overly broad and unduly burdensome. When using the name of a party or person, MCR will interpret that to mean the actual party or person and relevant known representatives for that party or person.

## <u>INTERROGATORIES</u>

1.     Describe each misappropriated trade secrets which serve as a basis for Count Three of the PETITION, and include in the response the identity of all persons with knowledge of facts supporting or relating to this claim.

---

**RESPONSE:**  MCR objects to this request as it is clearly 2 distinct requests. In the interests of cooperation and to avoid dispute, MCR will still respond to each of the interrogatories sent by Defendants even though the Rule 11 agreement limited the number of interrogatories to 3. MCR further objects to terms "facts supporting or relating" to this claim as those terms are undefined and therefore are vague and subject to multiple interpretations. MCR will still respond to this request, but its response is based on MCR's understanding of the terms and not every possible meaning of the terms.

Subject to and without waiving its objections: DRAFT RESPONSE

1.  MCR's Radial Cutting Torch nozzle design
    MCR's Radial Cutting Torch body size i.e., length, OD, ID
    MCR's Radial Cutting Torch fuel load
    MCR's Perforating Torch nozzle design
    MCR's Perforating Torch body size i.e., length, OD, ID
    MCR's Perforating Torch fuel load
    MCR's Axial Cutting Torch nozzle design
    MCR's Axial Cutting Torch body size i.e., length, OD, ID
    MCR's Axial Cutting Torch fuel load
    MCR's fuel loading Chart
    MCR's specification sheet
    MCR's patents
    MCR's Confidential Information (as defined in the License and Letter Agreements)
    Letter Agreement of June 1, 2015
    Agreement Granting Access to Confidential Information; March 6, 2015
    SPEX License Number XRT-2013-0021; May 21, 2014

This information is based on what is known at this time. As discovery continues this information is subject to supplementation and amendment. There is little doubt that once discovery is obtained from Defendants, this response will change.

2.  Other than MCR's attorneys, Michael C. Robertson, Douglas Streibich, and Anthony Grattan. Most likely there are also multiple employees and agents, former and current, of Defendants who have knowledge regarding this.

2.    Describe the misappropriated confidential information which serves as a basis for Count Four of the PETITION, and include in the response the identity of all persons with knowledge of facts supporting or relating to this claim.

**RESPONSE:**  MCR objects to this request as it is clearly 2 distinct requests. In the interests of cooperation and to avoid dispute, MCR will still respond to each of the interrogatories sent by Defendants even though the Rule 11 agreement limited the number of interrogatories to 3. MCR further objects to terms "facts supporting or relating" to this claim as those terms are undefined and therefore are vague and subject to multiple interpretations. MCR will still respond to this request, but its response is based on MCR's understanding of the terms and not every possible meaning of the terms.

Subject to and without waiving its objections: DRAFT RESPONSE

1.   MCR's Radial Cutting Torch nozzle design
     MCR's Radial Cutting Torch body size i.e., length, OD, ID
     MCR's Radial Cutting Torch fuel load
     MCR's Perforating Torch nozzle design
     MCR's Perforating Torch body size i.e., length, OD, ID
     MCR's Perforating Torch fuel load
     MCR's Axial Cutting Torch nozzle design
     MCR's Axial Cutting Torch body size i.e., length, OD, ID
     MCR's Axial Cutting Torch fuel load
     MCR's fuel loading Chart
     MCR's specification sheet
     MCR's patents
     MCR's Confidential Information (as defined in the License and Letter Agreements)
     Letter Agreement of June 1, 2015
     Agreement Granting Access to Confidential Information; March 6, 2015
     SPEX License Number XRT-2013-0021; May 21, 2014

This information is based on what is known at this time. As discovery continues this information is subject to supplementation and amendment. There is little doubt that once discovery is obtained from Defendants, this response will change.

2.   Other than MCR's attorneys, Michael C. Robertson, Douglas Streibich, and Anthony Grattan. Most likely there are also multiple employees and agents, former and current, of Defendants who have knowledge regarding this.

2.   For each partnership, company or other business organization owned or controlled by ROBERTSON, whether directly or indirectly and whether individually or in combination any other PERSON, including without limitation MCR Oil Tools LLC, MCR Oil Tools International Inc., Nextech Research LLC, Horizon Design & Engineering LLC, Precision Perforators LLC, Pyrotronics LLC, Robertson Intellectual Process LLC, Robertson Intellectual Properties, LLC, Robertson Oil Tools LLC, Thermal Generators LLC, and Thermal Generators Inc., IDENTIFY the (i) partners, members or shreholders, (ii) officers, (iii) general partner(s), managing member(s) or director (s), and (iv) employees that work for more than one of the partnerships, companies or other business organizations identified.

**RESPONSE:**  MCR objects to this request as it calls for the disclosure of information which is not relevant and not likely to lead to the discovery of admissible evidence. MCR is not aware of what the 10 entities listed, other than the Plaintiff in this case, have to do with this case. Defendants have filed no pleading which references these entities or even gives MCR a basis for understanding why Defendant believes the requested information is proper discovery. MCR also objects to the request that MCR provide a list of every employee that has ever worked for any of these entities as that is unduly burdensome on its face, especially since this interrogatory does not even have a time limitation.

If Defendants will provide more information on why they believe this information is relevant and likely to lead to the discovery of admissible evidence, MCR can reevaluate the question and may provide further details.

Subject to and without waiving its objections: DRAFT RESPONSE

MCR Oil Tools, LLC:

     a.  Partners: Michael C. Robertson, Sherry Robertson, Michelle Robertson, Aaron Robertson, Monica Barlow
     b.  Officers: Michael C. Robertson, Sherry Robertson
     c.  Managing Member: Michael C. Robertson

**DATED: March 23, 2018**.

Respectfully submitted,

/s/ Blake L. Beckham
Blake L. Beckham
State Bar No. 02016500
Blake@beckham-group.com
Jose M. Portela
State Bar No. 90001241
Jose@beckham-group.com
THE BECKHAM GROUP P.C.
3400 Carlisle, Suite 550
Dallas, Texas 75204
214-965-9300 (tel.)
214- 965-9301 (fax)

Frank Hill
State Bar No. 09632000
fhill@hillgilstrap.com
Greg Eyster
State Bar No. 24055462
geyster@hillgilstrap.com
Hill Gilstrap, PC
1400 W. Abram
Arlington, Texas 76013
(817) 261-2222 (tel.)
(817) 861-4685 (fax)

*ATTORNEYS FOR PLAINTIFF*
*MCR OIL TOOLS, LLC*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document has been delivered to the following counsel as follows on this 23rd day of March, 2018.

Craig D. Dillard                                      *Via:* *cdillard@gardere.com*
Steven Lockhart                                      *Via:* *slockhart@gardere.com*
Gardere Wynne Sewell LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
***Attorneys for Defendants***


                                                    /s/ Blake L. Beckham
                                                    Blake L. Beckham

I:\MCR Oil Tools\SPEX\Pleadings\R2 ROGS-SPEX Group and Eng 032118.doc



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MCR OIL TOOLS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. _____ |
| SPEX OFFSHORE, LTD., | § | |
| SPEX SERVICES, LTD., | § | |
| SPEX OFFSHORE (UK) LTD., | § | |
| SPEX GROUP US LLC, and | § | |
| SPEX ENGINEERING (UK) LTD., | § | |
| | § | |
| *Defendants.* | | |

## DECLARATION IN SUPPORT OF DEFENDANT SPEX OFFSHORE (UK), LTD.'S NOTICE OF REMOVAL

1.     "My name is James "Jamie" Oag. I am authorized to make this Declaration. I am over the age of eighteen and am under no legal disability that would prevent me from testifying in regard to the matters contained within this Declaration.

2.     The facts set forth in this Declaration are based on my personal knowledge and experience as: (1) the Chief Executive Officer of SPEX Group Holdings, Ltd.—the parent company of SPEX Engineering (UK), Ltd. and SPEX Offshore (UK), Ltd.; (2) a former Director of SPEX Services, Ltd.; and (3) a former Director of SPEX Offshore, Ltd.

3.     If called as a witness, I can and would testify competently to such facts under oath.

4.     In the above-described roles, I am familiar with the organizational structure and, where applicable, the operations of SPEX Group US LLC, SPEX Services, Ltd., SPEX Offshore, Ltd., SPEX Offshore (UK), Ltd., and SPEX Engineering (UK), Ltd.

5.     SPEX Group US LLC is a single member Texas-registered limited liability company. The sole member of SPEX Group US LLC is SPEX Engineering (UK), Ltd.



6.      SPEX Services, Ltd. was a private limited company incorporated under the laws of the United Kingdom with its principal place of business in Aberdeen, Scotland, United Kingdom. SPEX Services, Ltd. was dissolved under the laws of the United Kingdom before MCR Oil Tools, LLC named SPEX Services, Ltd. as a party to the above-styled action.

7.      SPEX Offshore, Ltd. was a private limited company incorporated under the laws of the United Kingdom with its principal place of business in Aberdeen, Scotland, United Kingdom. SPEX Offshore, Ltd. was dissolved under the laws of the United Kingdom before MCR Oil Tools, LLC named SPEX Offshore, Ltd. as a party to the above-styled action.

8.      SPEX Offshore (UK), Ltd. is a private limited company incorporated under the laws of the United Kingdom with its principal place of business in Aberdeen, Scotland, United Kingdom.

9.      SPEX Engineering (UK), Ltd. is a private limited company incorporated under the laws of the United Kingdom with its principal place of business in Aberdeen, Scotland, United Kingdom.

10.     My name is James "Jamie" Oag. My date of birth is March 25, 1966 and my address is Dunecht House, Westhill AB32 7DD, United Kingdom. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." Executed on this ___2 7___ day of March, 2018.

_Jamie Oag_
[Signature]


_JAMIE OAG_
[Printed Name]

# CIVIL COVER SHEET"

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS" |
|---|---|
| MCR Oil Tools, LLC | SPEX Offshore, Ltd., SPEX Offshore (UK), Ltd., SPEX Group US LLC, SPEX Engineering (UK), Ltd. and SPEX Services, Ltd. |

**(b)** County of Residence of First Listed Plaintiff    Tarrant County, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    United Kingdom
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED."

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

SEE ATTACHMENT

Attorneys *(If Known)*"

SEE ATTACHMENT

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
Plaintiff
- ☐ 2  U.S. Government
Defendant
- ☐ 3  Federal Question
*(U.S. Government Not a Party)*
- ☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*                                        and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF" |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4" |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5" |
| Citizen or Subject of a Foreign Country" | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6" |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions."

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES" |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act" |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a))" |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment" |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust" |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking" |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☒ 830 Patent | ☐ 450 Commerce" |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation" |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations" |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit" |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV" |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange" |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions" |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts" |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters" |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act" |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration" |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure" Act/Review or Appeal of" |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | Agency Decision" |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of" State Statutes" |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration" Actions" | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition" | | | |
| | | ☐ 560 Civil Detainee -" Conditions of Confinement" | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original" Proceeding"
- ☒ 2  Removed from" State Court"
- ☐ 3  Remanded from" Appellate Court"
- ☐ 4  Reinstated or" Reopened"
- ☐ 5  Transferred from" Another District" *(specify)*
- ☐ 6  Multidistrict" Litigation -" Transfer"
- ☐ 8  Multidistrict" Litigation -" Direct File"

## VI. CAUSE OF ACTION'

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:"
28 U.S.C. 1332

Brief description of cause:"
Misappropriation Trade Secrets and Tortious Interference with Contract

## VII. REQUESTED IN" COMPLAINT:"

☐ CHECK IF THIS IS A **CLASS ACTION**" UNDER RULE 23, F.R.Cv.P."

DEMAND $
1,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐No"

## VIII. RELATED CASE(S)" IF ANY

*(See instructions):"*

JUDGE    Barbara M. G. Lynn

DOCKET NUMBER" 3:17-CV-03510-M

DATE
03/26/2018

SIGNATURE OF ATTORNEY OF RECORD"
s/Craig Dillard

**FOR OFFICE USE ONLY"**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE"

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V.  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

## ATTACHMENT TO CIVIL COVER SHEET

I.      (c)  Attorneys for Plaintiff MCR Oil Tools, LLC

Blake L. Beckham
Blake@beckham-group.com
Jose M. Portela
Jose@beckham-group.com
The Beckham Group P.C.
3400 Carlisle, Suite 550
Dallas, TX 75204
214-965-9301 (fax)

Frank Hill
fhill@hillgilstrap.com
Frank Gilstrap
fgilstrap@hillgilstrap.com
Greg Eyster
geyster@hillgilstrap.com
Hill Gilstrap, PC
1400 W. Abram
Arlington, TX 76013
817-861-4685 (fax)

   (c)  Attorneys for Defendants SPEX Group US LLC, SPEX Engineering (UK) Ltd., and, SPEX Offshore (UK), Ltd.

Craig D. Dillard (#29150)
Federal ID No. 37591
Texas State Bar No. 24040808
Terrell Miller
Texas State Bar No. 24046446
Jason Sharp
Texas State Bar No. 24039170
GARDERE WYNNE SEWELL LLP
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, Texas 77002
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
cdillard@gardere.com
tmiller@gardere.com
jsharp@gardere.com

Steven C. Lockhart
State Bar No. 24036981
Robert T. Slovak
State Bar No. 24013523
Rachel Kingrey
State Bar No. 24068616
GARDERE WYNNE SEWELL, LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
slockhart@gardere.com
rslovak@gardere.com
rkingrey@gardere.com

## ATTACHMENT TO CIVIL COVER SHEET

I.      (c)  Attorneys for Plaintiff MCR Oil Tools, LLC

Blake L. Beckham
Blake@beckham-group.com
Jose M. Portela
Jose@beckham-group.com
The Beckham Group P.C.
3400 Carlisle, Suite 550
Dallas, TX 75204
214-965-9301 (fax)

Frank Hill
fhill@hillgilstrap.com
Frank Gilstrap
fgilstrap@hillgilstrap.com
Greg Eyster
geyster@hillgilstrap.com
Hill Gilstrap, PC
1400 W. Abram
Arlington, TX 76013
817-861-4685 (fax)

(c)  Attorneys for Defendants SPEX Group US LLC, SPEX Engineering (UK) Ltd., and, SPEX Offshore (UK), Ltd.

Craig D. Dillard (#29150)
Federal ID No. 37591
Texas State Bar No. 24040808
Terrell Miller
Texas State Bar No. 24046446
Jason Sharp
Texas State Bar No. 24039170
Gardere Wynne Sewell LLP
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, Texas 77002
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
cdillard@gardere.com
tmiller@gardere.com
jsharp@gardere.com

Steven C. Lockhart
State Bar No. 24036981
Robert T. Slovak
State Bar No. 24013523
Rachel Kingrey
State Bar No. 24068616
GARDERE WYNNE SEWELL, LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
slockhart@gardere.com
rslovak@gardere.com
rkingrey@gardere.com

Supplemental Civil Cover Sheet
Page **1** of **2**

# Supplemental Civil Cover Sheet for Cases Removed
# From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1.  **State Court Information:**

    Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

| Court | Case Number |
|---|---|
| 95th Judicial District Court, Dallas County, Texas | DC-17-17592 |

2.  **Style of the Case:**

    Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

| Party and Party Type | Attorney(s) |
|---|---|
|  |  |
| SEE ATTACHMENT |  |
|  |  |
|  |  |
|  |  |

3.  **Jury Demand:**

    Was a Jury Demand made in State Court?    ☑ Yes        ☐ No

    If "*Yes,*" by which party and on what date?

    MCR Oil Tools, LLC, Plaintiff _____        12/27/2017 _____
    Party                                                Date

4. **Answer:**

   Was an Answer made in State Court?   ☐ Yes            ☑ No

       If "*Yes*," by which party and on what date?

   _____          _____

   Party                                                                Date


5. **Unserved Parties:**

   The following parties have not been served at the time this case was removed:

   | Party | Reason(s) for No Service |
   |-------|--------------------------|
   | SPEX Offshore, Ltd. | Dissolved Entity |
   | SPEX Services, Ltd. | Dissolved Entity |
   |  |  |
   |  |  |
   |  |  |


6. **Nonsuited, Dismissed or Terminated Parties:**

   Please indicate any changes from the style on the State Court papers and the reason for that change:

   | Party | Reason |
   |-------|--------|
   |  |  |


7. **Claims of the Parties:**

   The filing party submits the following summary of the remaining claims of each party in this litigation:

   | Party | Claim(s) |
   |-------|----------|
   | SEE ATTACHMENT |  |

**ATTACHMENT TO SUPPLEMENTAL CIVIL COVER SHEET**

2.      **Style of the Case:**

**Plaintiff**:
MCR Oil Tools, LLC

**Counsel for Plaintiff**:

Blake L. Beckham
Texas State Bar No. 02016500
Jose M. Portela
Texas State Bar No. 90001241
The Beckham Group P.C.
3400 Carlisle, Suite 550
Dallas, TX 75204
Blake@beckham–group.com
Jose@beckham–group.com

Frank Hill
Texas State Bar No. 09632000
Frank Gilstrap
Texas State Bar No. 07964000
Greg Eyster
Texas State Bar No. 24055462
Hill Gilstrap, PC
1400 W. Abram
Arlington, TX 76013
fhill@hillgilstrap.com
fgilstrap@hillgilstrap.com
geyster@hillgilstrap.com

**Defendants**:
SPEX Offshore, Ltd., Defendant
SPEX Offshore (UK), Ltd., Defendant
SPEX Group US LLC, Defendant
SPEX Engineering (UK), Ltd., Defendant
SPEX Services, Ltd., Defendant

**Counsel for Defendants SPEX Group US LLC, SPEX Offshore (UK) Ltd. and SPEX Engineering (UK) Ltd.**:

Craig D. Dillard (#29150)
Federal ID No. 37591
Texas State Bar No. 24040808
Terrell Miller
Texas State Bar No. 24046446
Jason Sharp
Texas State Bar No. 24039170
GARDERE WYNNE SEWELL LLP
2000 Wells Fargo Plaza
1000 Louisiana Street

Houston, Texas 77002
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
cdillard@gardere.com
tmiller@gardere.com
jsharp@gardere.com

Steven C. Lockhart
State Bar No. 24036981
Robert T. Slovak
State Bar No. 24013523
Rachel Kingrey
State Bar No. 24068616
GARDERE WYNNE SEWELL, LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
slockhart@gardere.com
rslovak@gardere.com
rkingrey@gardere.com


**7.     Claims of the Parties:**

| Party | Claim(s) |
|-------|----------|
| Plaintiff MCR Oil Tools, LLC | Breach of Contract, Declaratory Judgment under Tex. Civ. Prac. & Rem. Code § 37.009, Texas Statutory Misappropriation of Trade Secrets, Common Law Misappropriation, Unfair Competition, Common Law Fraud and Fraudulent Inducement, Tortious Interference, Conspiracy, "Alter Ego/Piercing the Corporate Veil," and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| MCR OIL TOOLS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. <u>18-731</u> |
| SPEX OFFSHORE, LTD., | § | |
| SPEX SERVICES, LTD., | § | |
| SPEX OFFSHORE (UK) LTD., | § | |
| SPEX GROUP US LLC, and | § | |
| SPEX ENGINEERING (UK) LTD., | § | |
| | § | |
| *Defendants.* | § | |

## <u>NOTICE OF RELATED CASE</u>

Pursuant to Local Rules 3.3 and 81.1, Defendant SPEX OFFSHORE (UK), LTD.

files this Notice of Related Case and provides the following:

**<u>Style of Case</u>:**

- o MCR Oil Tools, LLC v. SPEX Offshore, Ltd. (a/k/a SPEX Offshore (UK), Ltd.), SPEX Group US LLC, and SPEX Engineering (UK), Ltd.

**<u>Civil Action No.</u>:**

- o 3:17-cv-03510-M

**<u>Presiding Judge</u>:**

- o Chief Judge Barbara M. G. Lynn

**<u>Status</u>:**

- o Case remanded to 95th Judicial District Court of Dallas County, Texas, on February 16, 2018.

Respectfully submitted,


/s/ Craig D. Dillard
**Craig D. Dillard**
Texas State Bar No. 24040808
cdillard@gardere.com
**Terrell Miller**
Texas State Bar No. 24046446
tmiller@gardere.com
GARDERE WYNNE SEWELL LLP
1000 Louisiana, Suite 2000
Houston, Texas 77002
Tel:    713-276-5500
Fax:   713-276-5555


**Steven C. Lockhart**
Texas State Bar No. 24036981
slockhart@gardere.com
GARDERE WYNNE SEWELL LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Tel:    214-999-4668
Fax:   214-999-3668

*ATTORNEYS FOR DEFENDANTS*
*SPEX GROUP US LLC,*
*SPEX OFFSHORE (UK), LTD., AND*
*SPEX ENGINEERING (UK), LTD.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served via email and certified mail, return receipt requested on this the 26th day of March, 2018, to:

Blake L. Beckham
Blake@beckham-group.com
Jose M. Portela
Jose@beckham-group.com
THE BECKHAM GROUP P.C.
3400 Carlisle, Suite 550
Dallas, TX 75204

Frank Hill
fhill@hillgilstrap.com
Frank Gilstrap
fgilstrap@hillgilstrap.com
HILL GILSTRAP, PC
1400 W. Abram
Arlington, TX 76013

*/s/ Craig D. Dillard*
Craig D. Dillard

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| MCR OIL TOOLS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. <u>18-731</u> |
| SPEX OFFSHORE, LTD., | § | |
| SPEX SERVICES, LTD., | § | |
| SPEX OFFSHORE (UK) LTD., | § | |
| SPEX GROUP US LLC, and | § | |
| SPEX ENGINEERING (UK) LTD., | § | |
| | § | |
| *Defendants.* | § | |

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Local Rule 81.1, 3.1, and 3.2, Defendant SPEX OFFSHORE (UK), LTD. files this Certificate of Interested Persons and identifies the following persons who are financially interested in the outcome of the above styled and numbered action:

**Plaintiff:**

> MCR Oil Tools, LLC
> Michael C. Robertson
> Sherry Robertson
> Michelle Robertson
> Aaron Robertson
> Monica Barlow
> c/o MCR's undersigned counsel of record

**Counsel for Plaintiff:**

> Blake L. Beckham
> Blake@beckham-group.com
> Jose M. Portela
> Jose@beckham-group.com
> The Beckham Group P.C.
> 3400 Carlisle, Suite 550
> Dallas, TX 75204
> 214-965-9301 (fax)

Frank Hill
fhill@hillgilstrap.com
Frank Gilstrap
fgilstrap@hillgilstrap.com
Greg Eyster
geyster@hillgilstrap.com
Hill Gilstrap, PC
1400 W. Abram
Arlington, TX 76013
817-861-4685 (fax)

**Defendants:**

SPEX Offshore, Ltd.
SPEX Services, Ltd.
SPEX Offshore (UK), Ltd.
SPEX Group US LLC
SPEX Engineering (UK), Ltd.

**Counsel for Defendants SPEX Group US LLC, SPEX Offshore (UK), Ltd., and SPEX Engineering (UK) Ltd.:**

Craig D. Dillard (#29150)
Federal ID No. 37591
Texas State Bar No. 24040808
Terrell Miller
Texas State Bar No. 24046446
Jason Sharp
Texas State Bar No. 24039170
GARDERE WYNNE SEWELL LLP
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, Texas 77002
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
cdillard@gardere.com
tmiller@gardere.com
jsharp@gardere.com

Steven C. Lockhart
State Bar No. 24036981
Robert T. Slovak
State Bar No. 24013523
Rachel Kingrey
State Bar No. 24068616

GARDERE WYNNE SEWELL, LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
slockhart@gardere.com
rslovak@gardere.com
rkingrey@gardere.com


**SPEX Offshore, Ltd. and SPEX Services Ltd. Liquidators:**

Alexander Iain Fraser
FRP Advisory LLP
Suite 2B, Johnstone House
52-54 Rose Street
Aberdeen
AB10 1UD

Thomas Campbell MacLenna
Apex 3
95 Haymarket Terrace
Edinburgh
EH12 5HD

                              Respectfully submitted,


                              */s/ Craig D. Dillard*
                              Craig D. Dillard (#29150)
                              Federal ID No. 37591
                              Texas State Bar No. 24040808
                              Terrell Miller
                              Texas State Bar No. 24046446
                              Jason Sharp
                              Texas State Bar No. 24039170
                              GARDERE WYNNE SEWELL LLP
                              2000 Wells Fargo Plaza
                              1000 Louisiana Street
                              Houston, Texas 77002
                              Telephone: (713) 276-5500
                              Facsimile: (713) 276-5555
                              cdillard@gardere.com
                              tmiller@gardere.com
                              jsharp@gardere.com

Steven C. Lockhart
State Bar No. 24036981
Robert T. Slovak
State Bar No. 24013523
Rachel Kingrey
State Bar No. 24068616
GARDERE WYNNE SEWELL, LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
slockhart@gardere.com
rslovak@gardere.com
rkingrey@gardere.com

*ATTORNEYS FOR DEFENDANTS*
*SPEX GROUP US LLC,*
*SPEX OFFSHORE (UK), LTD., AND*
*SPEX ENGINEERING (UK), LTD.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served via ECF on this the 27th day of March, 2018, to:

Blake L. Beckham
Blake@beckham-group.com
Jose M. Portela
Jose@beckham-group.com
The Beckham Group P.C.
3400 Carlisle, Suite 550
Dallas, TX 75204
214-965-9301 (fax)

Frank Hill
fhill@hillgilstrap.com
Frank Gilstrap
fgilstrap@hillgilstrap.com
Greg Eyster
geyster@hillgilstrap.com
Hill Gilstrap, PC
1400 W. Abram
Arlington, TX 76013
817-861-4685 (fax)

/s/ Craig D. Dillard
Craig D. Dillard

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| MCR OIL TOOLS, LLC, | § |
| | § |
| *Plaintiff,* | § |
| | § |
| v. | § |
| | § |
| SPEX OFFSHORE, LTD. (a/k/a | § |
| SPEX OFFSHORE (UK) LTD.), | § |
| SPEX GROUP US LLC and | § |
| SPEX ENGINEERING (UK) LTD., | § |
| | § |
| *Defendants.* | |

Civil Action No. 17-3510

**DEFENDANTS NOTICE OF REMOVAL
INDEX OF STATE COURT FILINGS**

| | Date | Description |
|---|---|---|
| **Notice of Removal – Volume 1** | | |
| | **Dallas County District Court Docket Report** | |
| | 12/27/2017 | Civil Cover Sheet |
| | 12/27/2017 | Plaintiff's Original Petition, Request for Temporary Restraining Order and Application for Temporary and Permanent Injunctive Relief |
| | 12/27/2017 | Plaintiff's Motion for Expedited Discovery and Issuance of Letter of Request |
| | 12/28/2017 | Proposed Order Granting Plaintiff's Motion for Expedited Discovery |
| | 12/28/2017 | Notice of Removal to Federal Court |
| | 01/10/2018 | Citation to SPEX Engineering (UK) Ltd |
| | 01/10/2018 | Citation to SPEX Group US LLC |
| | 01/10/2018 | Citation to SPEX Offshore, Ltd. a/k/a SPEX Offshore (UK) Ltd |
| | 02/16/2018 | Memorandum Opinion and Order and Order on Remand |
| **Notice of Removal - Volume 2** | | |
| | 02/16/2018 | Special Appearance of Defendant SPEX Engineering (UK) Ltd. |

| | | and Alternative Motion to Quash |
|---|---|---|
| **Notice of Removal – Volume 3** | | |
| | 02/16/2018 | Defendants' Motion to Dismiss Pursuant to TCPA |
| | 02/16/2018 | Notice Letter from The Beckham Group re TRO Hearing |
| | 02/16/2018 | Letter to Clerk re: issuance of Citations |
| | 02/16/2018 | Letter to Court enclosing Certified copy of the Order Remanding Case |
| | 02/16/2018 | Certified Copy of Memorandum Opinion and Order |
| | 02/19/2018 | Notice of Appearance – Rob Slovak |
| | 02/19/2018 | Plaintiff's Emergency Motion for Discovery |
| | 02/20/2018 | Order on Plaintiff's Request for TRO |
| | 02/20/2018 | Objection to Setting and Motion to Continue Hearing |
| | 02/20/2018 | Notice of Hearing for 2-21-18 |
| | 02/20/2018 | Amended Notice of Hearing 2-23-18 |
| | 02/20/2018 | Trust Receipt for TRO Bond |
| | 02/21/2018 | Citation to SPEX Offshore Ltd c/o SPEX Offshore Ltd. Liquidators |
| | 02/21/2018 | Citation to SPEX Offshore Ltd. c/o SPEX Offshore Ltd. Liquidators |
| | 02/21/2018 | Citation to SPEX Engineering (UK) Ltd. |
| | 02/22/2018 | TRO Issuance to SPEX Offshore Ltd. |
| | 02/22/2018 | TRO Issuance to SPEX Engineering (UK) Ltd. |
| | 02/22/2018 | Notice to Show Cause to SPEX Offshore Ltd. |
| | 02/22/2018 | Notice of Show Cause to SPEX Engineering (UK) Ltd. |
| | 02/23/2018 | Notice of Show Cause to SPEX Group US LLC |
| | 02/23/2018 | TRO Issuance to SPEX Group US LLC |
| | 02/23/2018 | Order Extending TRO |
| | 02/23/2018 | Order Granting Plaintiff's Motion for Expedited Discovery |
| | 02/23/2018 | Letter of Request for International Judicial Assistance |
| | 02/23/2018 | Order Granting Plaintiff's Emergency Motion for Discovery |
| | 02/26/2018 | Defendants' Objections to Letter of Request |
| | 02/28/2018 | Proposed Order Extending TRO |

| | 02/28/2018 | Proposed Order on Plaintiff's Request for TRO |
|---|---|---|
| | 02/28/2018 | Modified Order Extending TRO |
| | 02/28/2018 | Modified Order on Plaintiff's Request for TRO |

## Notice of Removal – Volume 4

| | 03/01/2018 | Order to Vacate Feb. 23, 2018 Discovery Orders |
|---|---|---|
| | 03/05/2018 | Civil Docket Case Federal Court |
| | 03/14/2018 | Defendants' Emergency Motion to Continue TI Hearing |
| | 03/14/2018 | Defendants' Special Exceptions to Petition |
| | 03/15/2018 | Fifth District Court of Appeals Letter re: Opinion |
| | 03/15/2018 | Fifth District Court of Appeals Memorandum Opinion |
| | 03/15/2018 | Fifth District Court of Appeals Letter re: Order |
| | 03/15/2018 | Fifth District Court of Appeals Order |
| | 03/15/2018 | Notice of Rule 11 Agreement |
| | 03/15/2018 | Amended Order to Vacate Feb. 23, 2018 Discovery Orders |
| | 03/19/2018 | Supreme Court – Post Card |
| | 03/19/2018 | Proposed Agreed Order Extending TRO |
| | 03/19/2018 | Plaintiff's Second Amended Petition, Request for Temporary Restraining Order and Application for Temporary and Permanent Injunctive Relief |
| | 03/20/2018 | Notice of Filing Rule 11 Agreement |
| | 03/20/2018 | Agreed Order Extending TRO |
| | 03/20/2018 | Citation Issued to SPEX Services, Ltd. |
| | 03/20/2018 | Citation Issued to SPEX Offshore, Ltd. |

## Notice of Removal – Volume 5

| | **Fifth Court of Appeals Docket Report** | |
|---|---|---|
| | 02/27/2018 | Emergency Motion of Relators for Temporary Relief |
| | 02/27/2018 | Relators Petition for Writ of Mandamus |
| | 02/27/2018 | Notice of Fifth Court of Appeals re original proceeding filed on 2/27/18 |

## Notice of Removal – Volume 6

| | 02/27/2018 | Sworn Record – Volume I |
|---|---|---|

| | | |
|---|---|---|
| **Notice of Removal – Volume 7** | | |
| | 02/27/2018 | Sworn Record – Volume II |
| | 02/27/2018 | Letter from the Beckham Group |
| | 02/28/2018 | Real Party in Interest's Resp. to Emergency Mot. of Relators for Temporary Relief and Request for Bond |
| | 02/28/2018 | Relators' 1st Supplemental Record |
| | 02/28/2018 | Reply to Response to Emergency Motion of Relators for Temporary Relief |
| | 03/01/2018 | Letter from the 5th Court of Appeals re Order issued |
| | 03/01/2018 | Real Party in Interest's Sur-Reply to Relators' Reply to Response to Emergency Motion for Temporary Relief and Request for Bond |
| | 03/01/2018 | Order Staying Discovery and Proceedings |
| | 03/02/2018 | Real Party in Interest's Emergency Request for Clarification |
| | 03/05/2018 | Order re Clarification Request |
| | 03/05/2018 | Real Party in Interest's Resp. to Petition for Writ of Mandamus |
| | 03/05/2018 | Sworn Record – Volume III (Real Party in Interest's Supplement) |
| | 03/12/2018 | Reply to Response to Petition for Writ of Mandamus |
| | 03/14/2018 | Memorandum Opinion |
| | 03/14/2018 | Order Conditionally Granting Petition for Writ of Mandums |
| | 03/15/2018 | Order received from Trial Court |
| | 03/15/2018 | Amended Order received from Trial Court |
| | **Texas Supreme Court Docket Report** | |
| | 03/08/2018 | Notice from Ct. re: Filing of Petition for Writ of Mandums |
| | 03/08/2018 | Realtor's Petition for Writ of Mandamus and Motion for Emergency Relief |
| | 03/09/2018 | Realtor's Motion for Emergency Relief to Permit Temporary Injunction Hearing To Go Forward |
| **Notice of Removal – Volume 8** | | |
| | 03/09/2018 | Realtor's Record – Vol. I |
| **Notice of Removal – Volume 9** | | |
| | 03/09/2018 | Realtor's Record – Vol. II |

| | 03/09/2018 | Realtor's Record – Vol. III |
|---|---|---|
| **Notice of Removal – Volume 10** | | |
| | 03/09/2018 | Realtor's Record – Vol. IV |
| | 03/09/2018 | Response to Motion for Emergency Relief |
| | 03/12/2018 | Realtor's Reply to Response to Motion for Emergency Relief |
| | 03/14/2018 | Unopposed Motion to Dismiss |
| | 03/15/2018 | Notice from Ct. re: Petition for Writ of Mandamus Dismissed |