IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MCR OIL TOOLS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-cv-00731-M |
| | § | |
| SPEX OFFSHORE, LTD., | § | |
| SPEX SERVICES, LTD., | § | |
| SPEX OFFSHORE (UK) LTD., | § | |
| SPEX GROUP US LLC, | § | |
| SPEX ENGINEERING (UK) LTD., | § | |
| SPEX GROUP HOLDINGS, LTD., | § | |
| SPEX CORPORATE HOLDINGS, LTD., | § | |
| and JAMIE OAG. | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Defendants SPEX Offshore (UK) Ltd. ("SPEX Offshore UK"), SPEX Group US, LLC ("SPEX Group"), and SPEX Engineering (UK) Ltd. ("SPEX Engineering UK") (collectively, "Defendants") object to various discovery rulings that Magistrate Judge Renée Harris Toliver issued during a hearing on May 2, 2018. After consideration, Defendants' Objections are **OVERRULED**.

**I.   BACKGROUND**

On December 27, 2017, Plaintiff MCR Oil Tools, LLC ("MCR") filed a state court lawsuit against SPEX Offshore UK, SPEX Group, and SPEX Engineering UK, after a dispute arose in connection with a license agreement. (ECF No. 2 at 17–44).[1] MCR alleged it had

---

[1] MCR originally filed this lawsuit against three defendants: SPEX Offshore Ltd. (a/k/a SPEX Offshore (UK) Ltd.), SPEX Group US LLC, and SPEX Engineering (UK) Ltd. MCR has since amended its pleading to name SPEX Offshore, Ltd., SPEX Services, Ltd., SPEX Offshore (UK) Ltd., SPEX Group US LLC, and SPEX Engineering (UK) Ltd. The instant Objections were filed only on behalf of Defendants SPEX Offshore (UK) Ltd., SPEX Group US, LLC, and SPEX Engineering (UK) Ltd.

developed, manufactured, and sold oilfield tools, products, and equipment, which included thermite-based tools for cutting oil well pipe downhole. (ECF No. 2 at 17). MCR licensed to SPEX Offshore, Ltd the use of its tools and intellectual property. (ECF No. 2 at 18). The license agreement prohibited SPEX Offshore Ltd. from (1) testing, modifying, reverse engineering, or developing any MCR tool, (2) cooperating with, or seeking to benefit from, any third party's infringement of MCR's rights in connection with the licensed technology, and (3) continuing to maintain or use any licensed technologies after the expiration of the license. (ECF No. 2 at 56–58). The license agreement also required SPEX Offshore Ltd. to assign all rights, title, and interest in any SPEX-created improvements or modifications in the licensed technology to MCR. (ECF No. 2 at 57–58).

MCR alleged that Defendants breached multiple provisions of the license agreement, misappropriated MCR's licensed technology, and obtained patents using MCR's technology, and asserted claims against Defendants for breach of contract, misappropriation of trade secrets in violation of the Texas Uniform Trade Secrets Act, common law misappropriation, unfair competition, fraud, and tortious interference. (ECF No. 5 at 137–43).[2] MCR asserts it right to recover against all Defendants under theories of alter ego/piercing the corporate veil. (ECF No. 5 at 143–44). MCR sought injunctive relief to require Defendants to cease and desist from continuing to use MCR's intellectual property and confidential information, and a temporary restraining order against Defendants is in effect. (ECF No. 2 at 37–41; ECF No. 4 at 190–93).

Defendants moved to dismiss the suit under the Texas Citizens Participation Act ("TCPA") (also known as the anti-SLAPP statute), contending that MCR's claims infringed Defendants' rights to free speech, association, and petition. (ECF No. 4 at 1–17). By application

---

[2] At the time the Magistrate Judge issued her discovery orders that are the subject of Defendants' Objections before the Court, the live pleading was MCR's Second Amended Petition. Thus, the Court analyzes the Magistrate Judge's rulings in light of the alleged facts set forth in that pleading.

of the TCPA statute, all discovery in the case was automatically suspended until Defendants' TCPA Motion can be resolved. Tex. Civ. Prac. & Rem. Code § 27.003(c).

On February 19, 2018, MCR filed an "Emergency Motion for Discovery Pursuant to Tex. Civ. Prac. & Rem. Code § 27.006." (ECF No. 4 at 36–45). Four days later, the trial court granted the Emergency Motion, allowing MCR to serve Defendants with written discovery and requests to take depositions. (ECF No. 4 at 400–02). Defendants refused to comply with the trial court's order and petitioned for mandamus relief from the Dallas Court of Appeals. The Court of Appeals vacated the trial court's discovery order, finding it invalid in light of the TCPA's statutory limitations on discovery. (ECF No. 5 at 79–89).

The parties then entered into a "Rule 11 Agreement", agreeing to the following:

- MCR would send three omnibus interrogatories and twelve omnibus requests for production to each Defendant;

- MCR could send one additional interrogatory and three additional requests for production to each Defendant, not to exceed nine additional requests for production;

- Defendants could send a total of four interrogatories and fifteen requests for production to MCR;

- Responses to requests for production would be due within ten calendar days following service;

- Objections to any discovery requests would be due within three business days following service; and

- The parties would cooperate to schedule depositions of certain key individuals.

(ECF No. 5 at 96–97).

Less than two weeks after this agreement to discovery, Defendants removed the lawsuit to federal court. (ECF No. 1). The parties almost immediately reached another impasse. MCR then filed an "Emergency Motion to Compel", asking for an order requiring Defendants to produce certain categories of documents. (ECF No. 24). The Motion to Compel was referred to

Magistrate Judge Toliver. On May 2, 2018, Judge Toliver held a hearing on the Motion to Compel, overruled many of Defendants' discovery objections, and ordered Defendants to produce, among other things, documents responsive to MCR's Requests for Production No. 3 (business status and organizational documents) and Request for Production No. 7 (invention documents). (ECF No. 59). On May 15, 2018, Defendants filed Objections to Magistrate Judge Toliver's discovery orders on MCR's Requests for Production Nos. 3 and 7. (ECF No. 60). Those Objections are now before the Court.

## II.   LEGAL STANDARD

A party who appeals a Magistrate Judge's order must demonstrate why the order is reversible under the applicable standard of review. *Orthoflex, Inc. v. ThermoTek, Inc.*, 990 F. Supp. 2d 675, 683 (N.D. Tex. 2013). "This means that, at a minimum, the party must identify the ruling being challenged, specify the standard of review, and explain why the decision in question is reversible under that standard." *Librado v. M.S. Carriers, Inc.*, No. 3:02-CV-2095-D, 2004 WL 583602, at *4 (N.D. Tex. Mar. 23, 2004).

Non-dispositive orders are governed by Rule 72(a), which provides that the district court must modify or set aside any portion of a Magistrate Judge's order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard governs whether the Magistrate Judge's factual determinations may be upheld. *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D. Tex. 1996). This standard requires the district court to uphold the Magistrate Judge's factual findings if they are plausible in light of the entire record. *Resolution Trust Corp. v. Sands*, 151 F.R.D. 616, 619 (N.D. Tex. 1993). The district court may not disturb such findings unless it is definitely and firmly convinced that a mistake occurred. *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (citing *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 573 (1985)). The Magistrate

Judge's legal determinations are reviewed de novo. *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 476 (N.D. Tex. 2005). An "abuse of discretion" standard governs review of the "vast area of choice" that remains to be decided by the magistrate judge who has properly applied the law and made fact findings that are not clearly erroneous. *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 482 (N.D. Tex. 2001).

**III.    ANALYSIS**

Defendants object that the discovery ordered here is overly broad, exceeding the limited scope of discovery allowed under the TCPA and under the Federal Rules of Civil Procedure. The TCPA is more restrictive than the Federal Rules, as the filing of a TCPA motion causes all discovery to be automatically suspended. Tex. Civ. Prac. & Rem. Code § 27.003(c); *see Charalambopoulos v. Grammer*, No. 3:14-CV-2424-D, 2015 WL 390664, at *27–28 (N.D. Tex. Jan. 29, 2015) (enforcing TCPA stay provision in federal district court proceeding).[3] Assuming for now, without deciding, that the TCPA should be applied here, a court may only allow "specified and limited discovery relevant to [a TCPA] motion" upon a showing of "good cause." Tex. Civ. Prac. & Rem. Code § 27.006(b). The phrase "specified and limited discovery" is not defined by the statute, but some Texas courts have held that "limited discovery" may include written discovery and depositions. *See SPEX Grp.*, 2018 WL 1312407, at *4 (collecting cases). Limited merits discovery is allowed under the TCPA's "good cause" standard to the extent such discovery may assist the non-movant to establish a prima facie case for its claims against a movant-defendant. *Id.* at *4–5.

MCR argues that the TCPA does not impose nearly as strict discovery limitations as in other cases because the parties entered into a Rule 11 Agreement, in which they agreed to proceed with certain discovery. (ECF No. 5 at 96). Through this Rule 11 Agreement, the parties

---

[3] MCR does not challenge whether the TCPA continues to apply once a state court action has been removed to federal court.

agreed to exchange written discovery and to conduct some depositions. (ECF No. 5 at 96–97). The Rule 11 Agreement did not describe any agreed subject matter for the discovery. Neither party agreed to waive their objections to the scope of discovery. Thus, the Court still analyzes whether good cause exists for the requested discovery.

Defendants object to the Magistrate Judge's Order allowing MCR's Requests for Production Nos. 3 and 7.

### A. Request for Production No. 3

Request for Production No. 3 asks Defendants to produce: "All business status and organization documents which show the business relationship between and amongst any of the Defendants or any of the other SPEX entities as well as the ownership, management, and directors of the Defendants and the other SPEX entities." (ECF No. 25 at Appx. 029) (capitalization omitted).

MCR argues that the requested documents are relevant to establishing its alter ego claims, and the Court agrees. MCR expressly alleged in its live pleading that alter ego relationships exist among SPEX Offshore, Ltd., SPEX Services, Ltd., SPEX Group, SPEX Offshore UK, SPEX Engineering UK, and SPEX Corporate Holdings Ltd. (ECF No. 5 at 143–44). Admittedly, Request for Production No. 3 also seeks alter ego discovery related to all other SPEX Entities, which would include non-Defendants SPEX Group Holding Limited, SPEX Engineering Limited, SPEX Oilfield Limited, SPEX Holdings UK Limited, SPEX Production Limited, SPEX Oil and Gas Limited, General Services Limited, General Services Limited 2, and SPEX Group Ltd. (ECF No. 25 at Appx. 025). The Court concludes, however, that the alter ego allegations are sufficient to establish good cause to support the discovery sought by Request No. 3, and the Magistrate Judge did not commit clear error in so finding. The Court further finds that the relevance and proportionality standards of Federal Rule of Civil Procedure 26 are satisfied.

Defendants additionally argue that MCR's Request for Production No. 3 is improper because it asks for information that will be irrelevant, as Scottish law will govern all considerations of alter ego, and Scottish law is "much stricter" than Texas alter ego law. (ECF No. 60 at 17–18). Defendants did not raise this choice of law argument in their discovery objections before the Magistrate Judge, and this argument is therefore waived. *See Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *Hull v. Ocwen Loan Servicing, LLC*, No. 3:12-CV-1098-M BF, 2013 WL 3089050, at *1 (N.D. Tex. June 19, 2013).

The Court also notes there is a disagreement at this juncture about what law applies. Defendants ask the Court to perform a choice of law analysis to determine that Scottish law applies and that Scottish law governs the scope of discovery. Even if Scottish applies, in *Prest v. Petrodel Resources Ltd.,* [2013] UKSC 34, Lord Sumption of the Supreme Court of the United Kingdom analyzed English and Scottish cases,[4] and concluded that liability under a veil piercing theory may arise "when a person is under an existing legal obligation or liability or subject to an existing legal restriction which he deliberately evades or whose enforcement he deliberately frustrates by interposing a company *under his control*." (emphasis added). Under such an analysis, a shareholder's control over a controlled entity is critical to an alter ego/veil piercing analysis. Thus, the business and organizational documents that MCR seeks in this case are relevant to the circumstances of control that the Court will consider as part of its alter ego analysis.

The Court notes that the requested business and organizational documents sought by MCR are relevant and discoverable under Texas alter ego law. Presumably, Texas law will govern whether the corporate veil of SPEX Group, a Texas limited liability company, will be pierced. *See* Tex. Bus. Orgs. Code § 1.104; *see also Alberto v. Diversified Grp., Inc.*, 55 F.3d

---

[4] Scotland is part of the United Kingdom, and civil appeals from the Court of Session in Scotland may be heard by the Supreme Court of the United Kingdom.

201, 204 (5th Cir. 1995); *Davaco, Inc. v. AZ3, Inc.*, No. 3:07-CV-803, 2008 WL 2243382, at *1 (N.D. Tex. May 30, 2008) ("[A] choice of law provision in a contract does not alter the rule that the law of the state of incorporation governs the alter ego analysis."). Under Texas law, factors demonstrating an alter ego relationship include "the degree to which corporate formalities have been followed and corporate and individual property have been kept separately, the amount of financial interest, ownership and control the individual maintains over the corporation, and whether the corporation has been used for personal purposes." *Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex. 1986). The business and corporate documents that MCR seeks from Defendants in Request for Production No. 3 are certainly relevant to establishing these factors.

Defendants' Objections to Request for Production No. 3 are therefore **OVERRULED.**

### B. Request for Production No. 7

Defendants object to the Magistrate Judge's Order requiring them to produce documents responsive to Request for Production No. 7, which seeks:

> Any INVENTION DOCUMENT, Patent Application and related correspondence (whether active, abandoned, abandoned before grant, terminated, terminated before grant, granted, or pending) Application, draft Patent Application, Patent (whether active, abandoned, abandoned before grant, terminated, terminated before grant, granted, or pending), granting documents and related correspondence, document or correspondence, and assignments, transfer, or sale of any of the SPEX Patents between or amongst any Defendants or other SPEX entities.

(ECF No. 25 at Appx. 029) (capitalization omitted in part). The term "INVENTION DOCUMENTS" is defined to include all "documents and tangible things which prove that the listed inventors in the SPEX Patents invented the SPEX Products or technology in the SPEX Patents, and which concern, mention, or evidence conception or reduction to practice of the invention." (ECF No. 25 at Appx. 024).

Defendants object to Request for Production No. 7 on the ground that MCR has not sufficiently identified the trade secrets forming the basis for its misappropriation claims. (ECF

No. 60 at 9–11). Defendants cite to trade secret misappropriation cases in which a district court has required a plaintiff to identify, with "reasonable particularity", all of the alleged trade secrets at issue prior to the commencement of discovery. In *StoneEagle Services, Inc. v. Valentine*, the Magistrate Judge ordered plaintiffs to identify, with particularity, all trade secrets forming the basis for the plaintiffs' misappropriation claims. No. 3:12-CV-1687-P, 2013 WL 9554563, at *5 (N.D. Tex. June 5, 2013). In *Zenimax Media, Inc. v. Oculus Vr, Inc.*, the Magistrate Judge ordered plaintiffs to provide "further specificity" about the trade secrets at issue. No. 3:14-CV-1849-P-BF, 2015 WL 11120582, at *1 (N.D. Tex. Feb. 13, 2015). However, Defendants do not cite, nor has this Court found, Fifth Circuit authority standing for the proposition that a particularized identification of trade secrets must be made before discovery is undertaken. *See Huawei Techs. Co. v. Huang*, No. 4:17-CV-00893, 2018 WL 3862061, at *4 (E.D. Tex. Aug. 14, 2018); *Polydyne Software, Inc. v. Celestica Int'l, Inc.*, No. A-14-CV-797 LY, 2014 WL 12479201, at *2 (W.D. Tex. Dec. 31, 2014).[5]

The Court finds that Magistrate Judge Toliver did not abuse her discretion in overruling Defendants' Objections to Request for Production No. 3. The documents sought by Request for Production No. 3 are relevant to multiple claims asserted by MCR against Defendants. MCR has identified multiple categories of trade secrets information that were allegedly misappropriated and about which MCR seeks discovery, including tool nozzle designs, body specifications, and fuel load features used in the cutting torches licensed to SPEX Offshore, Ltd. (ECF No. 60 at 7). MCR submitted evidence showing that the SPEX Patents employ the same or similar technologies. (ECF No. 61-5 at App. 60–62).

Further, the discovery sought by Request for Production No. 7 is relevant to MCR's fraud claims. MCR alleges that (1) "SPEX affirmatively represented that it owned no patents, trade

---

[5] The Court separately entered an Order addressing Defendants' "Motion for Order Requiring Pre-Discovery Identification of Trade Secrets." (ECF No. 121).

secrets, or intellectual property related to thermite tools, thermite-based technology or solid combustible charge-based tools"; (2) "SPEX Offshore Ltd. acknowledged that it had not invented, designed, developed, or improved any technology or products related to MCR's Licensed Technology"; and (3) "SPEX Offshore Ltd. also represented that it knew of no entity which was developing or improving MCR's tools or technology" (ECF No. 5 at 127), and that these representations were false. (ECF No. 5 at 141–42). Information that establishes how and when Defendants developed or modified any thermite tools, thermite-based technology, and solid combustible charged-based tools would be relevant and material to MCR's theory as to why these representations were fraudulent. MCR has submitted evidence that the SPEX Patents relate to these same or similar technologies.

Request for Production No. 7 seeks information that is also relevant to MCR's breach of contract claim against SPEX Offshore, Ltd. and SPEX Services, Ltd. MCR alleges that Defendants SPEX Offshore, Ltd. and SPEX Services, Ltd. agreed to keep any licensed technology confidential, to transfer any rights to any improvements or modifications to MCR's licensed technology, and to cease use of the licensed technology after the termination of the agreement. (ECF No. 5 at 127). MCR contends that Defendants breached these contractual obligations by using MCR's intellectual property to develop, derive, and obtain patents on the same or similar technology. Request No. 7 seeks information establishing how Defendants developed improvements or modifications to such technology and how that technology is captured by the SPEX Patents.

The Court holds that Magistrate Judge Toliver did not abuse her discretion in ordering Defendants to produce documents responsive to Request for Production No. 7. Defendants' Objections are therefore **OVERRULED.**

## IV. CONCLUSION

Within fourteen days of this Order, subject only to Defendants' privilege objections, Defendants are **ORDERED** to satisfy MCR's Requests for Production Nos. 3 and 7.

**SO ORDERED**.

September 13, 2018.

_____
BARBARA M. G. LYNN
CHIEF JUDGE