# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MCR OIL TOOLS, LLC<br><br>v.<br><br>GENERAL SERVICES 1 LTD. f/k/a SPEX OFFSHORE LTD., GENERAL SERVICES 2 LTD. f/k/a SPEX SERVICES LTD., SPEX OFFSHORE (UK) LTD., SPEX GROUP US LLC, SPEX ENGINEERING (UK) LTD., SPEX GROUP HOLDINGS, LTD, SPEX CORPORATE HOLDINGS, LTD., and JAMIE OAG | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:18-CV-0731-S |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Unopposed Motion for Leave to Seal Portions of Appendix to, and Brief in Support of, Plaintiff's Motion for Summary Judgment and Brief in Support ("Motion to Seal") [ECF No. 664]. Having reviewed the Motion to Seal and the applicable law, the Court **GRANTS** the Motion to Seal.

## I. BACKGROUND

Defendants filed their Answer to Plaintiff's Fifth Amended Complaint and Application for Permanent Injunctive Relief and Counterclaims [ECF No. 536] on January 16, 2026. Plaintiff then filed its Motion for Summary Judgment [ECF No. 661], in which it seeks judgment in its favor on the counterclaims. In support of the Motion for Summary Judgment, Plaintiff submitted its Brief in Support ("Brief") and Appendix in Support ("Appendix"). *See* ECF Nos. 661, 662. Plaintiff seeks leave to file portions of the Brief and Appendix under seal. *See* Mot. to Seal 2-3.

## II. LEGAL STANDARD

Pursuant to Local Civil Rule 79.3(b), "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge." No statute or rule requires or permits sealing here; therefore, the Court must determine whether sealing is warranted. The Court "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519-20 (5th Cir. 2022). In determining whether a document should be sealed, the Court undertakes a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (internal quotation marks and citation omitted). This standard is "arduous," and the balancing test is stricter than it is at the discovery stage. *June Med. Servs.*, 22 F.4th at 521 (citation omitted). "[T]he working presumption is that judicial records should not be sealed." *Binh Hoa Le*, 990 F.3d at 419 (citation omitted).

## III. ANALYSIS

Plaintiff seeks leave to file portions of Exhibit 2 and all of Exhibits 3, 4, 5, and 6 to the Motion for Summary Judgment under seal. Mot. to Seal 6. Plaintiff also seeks to redact information related to these exhibits from its Brief. *Id.* at 3. According to Plaintiff, the exhibits contain "sensitive financial information," "business information" that could be used for "improper commercial purposes," third-party information, and information that the Court has previously sealed. *Id.* at 4-6.

The Court concludes that it is proper to seal Exhibits 2 through 6 and the briefing to the extent requested. Specific allegations regarding competitive harm, like the allegations set forth by Plaintiff here, support sealing. *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d

443, 451 (5th Cir. 2019). Additionally, courts have found that nondisclosure is warranted to protect sensitive information like the "confidential information of third parties." *Frank Surveying Co. v. Manhard Consulting, Ltd.*, No. 3:22-CV-2837-B, 2024 WL 3015535, at *3 (N.D. Tex. June 14, 2024); *see also MIECO LLC v. Pioneer Nat. Res., USA, Inc.*, No. 3:21-CV-1781-B, 2022 WL 18034481, at *2 (N.D. Tex. Oct. 28, 2022) ("The interest supporting sealing, namely protecting the confidential information of third parties, outweighs the public's common law right of access for the identified information.").

And the Court finds that the interests in support of nondisclosure outweigh the public's common law right of access to the information contained in the relevant exhibits and related briefing. The exhibits contain confidential information, and Plaintiff has explained why disclosing such information would, among other things, cause competitive harm or disclose third-party information. *See, e.g.*, *Blue Yonder Grp., Inc. v. Kinaxis Inc.*, No. 3:20-CV-03636-K, 2024 WL 4796229, at *4 (N.D. Tex. May 30, 2024) (sealing information about a company's market strategy that was not readily available to the public); *MIECO*, 2022 WL 18034481, at *2. As such, the Court will permit Plaintiff to file Exhibits 2 through 6 and Brief under seal to the extent requested.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Unopposed Motion for Leave to Seal Portions of Appendix to, and Brief in Support of, Plaintiff's Motion for Summary Judgment and Brief in Support [ECF No. 664]. The redacted version of Plaintiff's Brief is deemed properly filed. To the extent Plaintiff has not already done so, the Court **DIRECTS** Plaintiff to file the unredacted version of its Brief and Exhibits 2, 3, 4, 5, and 6 under seal.

**SO ORDERED.**

SIGNED August 13, 2026.

Karen Gren Scholer

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**