# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MCR OIL TOOLS, LLC<br><br>v.<br><br>GENERAL SERVICES 1 LTD. f/k/a SPEX OFFSHORE LTD., GENERAL SERVICES 2 LTD. f/k/a SPEX SERVICES LTD., SPEX OFFSHORE (UK) LTD., SPEX GROUP US LLC, SPEX ENGINEERING (UK) LTD., SPEX GROUP HOLDINGS, LTD, SPEX CORPORATE HOLDINGS, LTD., and JAMIE OAG | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:18-CV-0731-S |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Plaintiff's Motion for Default Judgment as to Liability Against General Services 1, Ltd. f/ka SPEX Offshore, Ltd., and General Services 2, Ltd. f/k/a SPEX Services, Ltd. ("Motion") [ECF No. 628]. The Court has reviewed the Motion, Defendants' Response in Opposition to the Motion ("Response") [ECF No. 638], Plaintiff's Reply in Support of the Motion ("Reply") [ECF No. 672], and the applicable law. For the following reasons, the Court **DENIES** the Motion.

## I. BACKGROUND

On December 27, 2017, Plaintiff MCR Oil Tools, LLC, filed suit against Defendants SPEX Offshore (UK), Ltd. ("SPEX Offshore"), SPEX Group US LLC, and SPEX Engineering (UK), Ltd., in Texas state court. SPEX Offshore's Notice of Removal [ECF No. 1] ¶ 1. SPEX Offshore removed the case to federal court, where it has been pending since 2018.[1]

[1] The case was reassigned to the undersigned in July 2025. *See* ECF No. 485.

On August 29, 2018, Plaintiff filed its Third Amended Complaint, which named as defendants SPEX Offshore, Ltd., and SPEX Services, Ltd., among others. *See* Pl.'s Third Am. Compl. and Appl. for Prelim. and Permanent Injunctive Relief ("Third Amended Complaint") [ECF No. 113]. Before Plaintiff served the newly added entities, the Court stayed the case against them because they had been dissolved under Scottish law. *See* Order [ECF No. 218].

Later, SPEX Offshore, Ltd., and SPEX Services, Ltd., were revived and restored to the "register of companies." *See* Order [ECF No. 409] 2. And their names were changed to General Services 1, Ltd. ("GS1") and General Services 2, Ltd. ("GS2"). *See* Pl.'s Mot. for Leave to File Fourth Am. Compl. and Br. in Supp. [ECF No. 232] ¶ 2. In July 2020, Plaintiff served the Third Amended Complaint on GS1 and GS2 under the Hague Convention. *See* ECF Nos. 513-516; Mot. 1. Later that year, the Court granted leave for Plaintiff to amend its complaint to properly name GS1 and GS2. *See* Order [ECF No. 409] 5. Plaintiff filed its Fourth Amended Complaint and Application for Preliminary and Permanent Injunctive Relief [ECF No. 410] on November 2, 2020. Shortly thereafter, the case was stayed for more than four years. *See* ECF No. 427. During the stay, the case was transferred to the undersigned. *See* ECF No. 485.

This Court lifted the stay, *see* ECF No. 496, and permitted Plaintiff to file its Fifth Amended Complaint and Application for Permanent Injunctive Relief ("Fifth Amended Complaint") [ECF No. 503]. In the Fifth Amended Complaint, Plaintiff added "a claim for malicious prosecution" and "revise[d] its claims for fraud and conspiracy against Defendants." Pl.'s Mot. for Leave to File Fifth Am. Compl. [ECF No. 455] 2. Plaintiff also added claims for a violation of the Texas Uniform Fraudulent Transfer Act and business disparagement. *See* Resp. 4; Fifth Am. Compl. 116-19. Plaintiff did not serve the Fifth Amended Complaint on GS1 and GS2.

*See* Reply 6-7. On January 16, 2026, all Defendants except GS1 and GS2 filed their Answer to Plaintiff's Fifth Amended Complaint and Counterclaims ("Answer") [ECF No. 536].

Now, Plaintiff moves for default judgment "as to liability only" against GS1 and GS2 because they have "wholly failed to answer, move, or otherwise respond to any of Plaintiff's various amended complaints." Mot. 1.

## II. LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." FED. R. CIV. P. 55(a). After entry of default, the Court may enter a default judgment upon the plaintiff's motion. FED. R. CIV. P. 55(b)(2). "[T]he entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) (citation omitted). "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (citation omitted). Default judgments are "disfavored," and there is "a strong policy in favor of decisions on the merits and against resolution of cases through default judgments." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citation omitted).

## III. ANALYSIS

### *A. Entry of Default*

Plaintiff's request for a default judgment falters at the first step, as Plaintiff never requested entry of default against GS1 and GS2. "***After*** defendant's default has been entered, plaintiff may apply for a judgment based on such default." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis added); *see also Staten v. City of Dallas*, No. 3:19-CV-843-L-BN, 2020 WL 1083605, at *2 (N.D. Tex. Mar. 6, 2020) ("This first step, entry of default, is . . . a prerequisite to a later default judgment." (citation omitted)). Plaintiff handwaves this prerequisite, stating that the

Court should assume the burden to "direct the Clerk to enter default and proceed under Rule 55(b)(2)." Reply 4. The Court will not do so. As such, Plaintiff has not met the procedural requirements for a default judgment at this time.

***B. Service***

Even if the Court ignored the "independently fatal" failure to seek entry of default, *O'Donnell v. Diaz*, No. 3:17-CV-1922-S-BK, 2018 WL 7048073, at *1 n.1 (N.D. Tex. Dec. 21, 2018), *report and recommendation adopted by* 2019 WL 202812 (N.D. Tex. Jan. 14, 2019), Plaintiff would not be entitled to default judgment because it has not served the operative pleading on GS1 and GS2. Federal Rule of Civil Procedure 5(a)(2) does not require service "on a party who is in default for failing to appear." However, "a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." FED. R. CIV. P. 5(a)(2); *see also Fluor Eng'rs & Constructors, Inc. v. S. Pac. Transp. Co.*, 753 F.2d 444, 449 n.7 (5th Cir. 1985) (concluding that informal service on a party's attorney "is proper only after a party has appeared in an action"). Thus, "[b]efore the Clerk (or the Court) takes th[e] first step to initiate the default process under Rule 55, a defendant must properly be served with a summons and the operative complaint." *Staten*, 2020 WL 1083605, at *2 (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999)).

Plaintiff does not argue or demonstrate that it has served the Fifth Amended Complaint on GS1 and GS2. *See, e.g.*, Reply 7 (discussing only service of the Third Amended Complaint). Instead, Plaintiff makes arguments about the purpose of Rule 5(a)(2) and fairness that are not sufficiently supported by binding precedent. *See id.* at 6-7. Plaintiff cites to no law excusing it from the requirement to serve the operative pleading on GS1 and GS2 before moving for default

judgment. For this additional reason, the Court concludes that Plaintiff's request for default judgment is improper. *See Staten*, 2020 WL 1083605, at *3.

### *C. Risk of Inconsistent Judgments and Prejudice*

Finally, the risk of inconsistent judgments precludes default judgment against GS1 and GS2 at this stage of the case. "Inconsistent default judgments, like inconsistent judgments more generally, are strongly disfavored." *Escalante v. Lidge*, 34 F.4th 486, 495 (5th Cir. 2022). As such, "[w]hen a case involves multiple defendants, courts may not grant default judgment against one defendant if doing so would conflict with the position taken by another defendant." *Id.* (citation omitted).

Here, all Defendants other than GS1 and GS2 have appeared, asserted counterclaims, and stated that Plaintiff is not entitled to the relief it seeks. *See generally* Answer. The Court concludes that a default judgment on liability against GS1 and GS2 in Plaintiff's favor would prejudice the active Defendants and risk a later judgment inconsistent with this one as the non-defaulting Defendants litigate the merits of the case and their defenses. *See Amarillo Med. Specialists, LLP v. AKOS MD IPA, LLC*, No. 2:23-CV-026-Z-BR, 2025 WL 2144841, at *4 (N.D. Tex. July 29, 2025) ("Because there are live defendants in this case contesting the facts, default judgment as to [one defendant] would be premature."). This determination is reinforced by the fact that Plaintiff premises its claims against the non-defaulting Defendants, at least in part, on theories that they are alter egos of or otherwise liable for the acts of GS1 and GS2. *See, e.g.*, Fifth Am. Compl. ¶ 290 (claiming that the non-defaulting Defendants "may be held liable for the tortious acts and fraudulent conduct of [GS1 and GS2]"); *id.* ¶ 292 (alleging that the non-defaulting Defendants "should be held liable for the existing legal and contractual obligations of [GS1 and GS2]"). To avoid the risk of inconsistent judgments, the Court declines to issue a default judgment against GS1 and GS2.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Default Judgment as to Liability Against General Services 1, Ltd. f/ka SPEX Offshore, Ltd., and General Services 2, Ltd. f/k/a SPEX Services, Ltd. [ECF No. 628].

**SO ORDERED.**

SIGNED September 29, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**