# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MCR OIL TOOLS, LLC<br><br>v.<br><br>GENERAL SERVICES 1 LTD. f/k/a SPEX OFFSHORE LTD., GENERAL SERVICES 2 LTD. f/k/a SPEX SERVICES LTD., SPEX OFFSHORE (UK) LTD., SPEX GROUP US LLC, SPEX ENGINEERING (UK) LTD., SPEX GROUP HOLDINGS, LTD, SPEX CORPORATE HOLDINGS, LTD., and JAMIE OAG | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:18-CV-0731-S |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendants' Motion for Partial Summary Judgment on Res Judicata ("Motion") [ECF No. 613]. The Court has reviewed the Motion, Defendants' Brief in Support of the Motion ("Defendants' Brief") [ECF No. 614], Plaintiff's Brief in Response to the Motion ("Response") [ECF No. 629], Defendants' Reply in Support of the Motion [ECF No. 650], and the applicable law. For the following reasons, the Court **DENIES** the Motion.

## I. BACKGROUND

Plaintiff MCR Oil Tools, LLC, entered into license agreements with Defendants General Services 1, Ltd. f/k/a SPEX Offshore, Ltd. ("GS1") and General Services 2, Ltd. f/k/a SPEX Services, Ltd. ("GS2"), pursuant to which Plaintiff permitted GS1 and GS2 to sell and lease its tools. Pl.'s Fifth Am. Compl. and Appl. for Permanent Injunctive Relief ("Complaint") [ECF No. 503] ¶¶ 35-36, 41; Sealed App. to Resp. ("Plaintiff's Appendix") [ECF No. 630] Ex. A at 1-2 ¶ 2. Plaintiff alleges that, around the time the last agreement was signed, GS2 "began filing patent

applications . . . in an attempt to rebrand [Plaintiff's] intellectual property as [its] own." Compl. ¶ 55. Plaintiff's efforts to challenge these patents were complicated by the voluntary winding up and dissolution of GS1 and GS2. *See id.* ¶¶ 90, 103; Pl.'s App., Ex. A, at 2 ¶ 4. On November 29, 2018, Plaintiff petitioned the Scottish Court of Session ("SCOS") to restore GS1 and GS2, and the SCOS granted the petition. *See* Defs.' Br. 4; *see also* Resp. 4 (stating that Plaintiff "restored GS1 and GS2's corporate structures"). As a result, GS1 and GS2 were returned to liquidation. App. to Mot. ("Defendants' Appendix") [ECF No. 615] Ex. F [ECF No. 615-6] ¶ 4. The instant case was later stayed pending the outcome of the Scottish liquidation proceedings. *See* Order [ECF No. 427].

Plaintiff submitted claims in the liquidations of GS1 and GS2, seeking the return of certain Scottish patents. Defs.' App., Ex. F ¶ 6; Pl.'s App., Ex. A, at 3 ¶¶ 6-7. The Liquidators, who are not lawyers and who function like American bankruptcy trustees, adjudicated Plaintiff's claims as officers of the SCOS. *See* Defs.' Br. 4 (averring that GS1 appointed FRP Advisory LLP as Liquidators); *id.* at 5 (stating that the Liquidators "basically act as bankruptcy trustees"); Pl.'s App., Ex. B, at 28 ¶ 42 (noting that the Liquidators were Certified Public Accountants). The parties provided briefing, documentation, and expert reports to the Liquidators. Defs.' App., Ex. E ("Scottish Judgment") [ECF No. 615-5] 36-37 ¶¶ III.1-.7. Among other things, Plaintiff incorporated its live pleading at the time, the Third Amended Complaint, into its submission. *See, e.g.*, Defs.' App., Ex. B [ECF No. 615-2] 10 ¶ 3.4 ("The factual and legal basis of [Plaintiff's] complaint in the Proceedings[1] is set out in the Third Amended Complaint[.]"). The Scottish liquidation proceedings did not include depositions or document production outside of expert reports. Pl.'s App., Ex. B, at 18 ¶ 24.

---

[1] "Proceedings" is defined as Case No. 3:18-CV-00731 in the United States District Court for the Northern District of Texas, i.e., the instant lawsuit. Defs.' App., Ex. B, at 9 ¶ 2.2.

On July 31, 2023, the Liquidators entered a judgment against Plaintiff. *See generally* Scottish J. The Scottish Judgment is five pages long and contains virtually no independent legal analysis. *See, e.g.*, *id.* at 37 ¶ IV.3 (stating that the Liquidators "follow[ed] the legal analysis provided to [them]"). Instead, the Liquidators relied heavily on experts' legal analysis. *See id.* at 37-38 ¶¶ IV.2-.5. The Liquidators stated that the "critical question" was "whether SPEX [Group Holdings, Limited] had modified or improved [Plaintiff's] licenced technology or patents."[2] *Id.* at 37 ¶ IV.3. The Liquidators held that Plaintiff did not prove that "the SPEX patents[] are a modification or improvement of [Plaintiff's] patents or licenced technology" and thus found that Plaintiff could recover no money from GS1 or GS2. *Id.* at 36 ¶ I.1.1.

Plaintiff appealed the Liquidators' decision but later abandoned that appeal. Defs.' App., Ex. F; Defs.' App., Ex. H [ECF No. 615-8]. On January 29, 2025, the SCOS issued a final order finding Plaintiff liable for expenses. Defs.' App., Ex. I [ECF No. 615-9] 86.

Several months later, the instant case was transferred to this Court, and the Court lifted the stay. *See* ECF Nos. 485, 496. Now, Defendants move for summary judgment, contending that the Scottish Judgment bars this action based on principles of claim preclusion and issue preclusion. Defs.' Br. 1.

## II. LEGAL STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving

[2] Defendant SPEX Group Holdings, Limited, acted as a group representative for Defendants in the liquidation proceedings. Defs.' Br. 6.

party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, he "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) showing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322-25. Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "[C]onclusory statements, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). The Court resolves factual controversies in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Wash. Cap. Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

## III. ANALYSIS

The Court first analyzes the preclusive effect of the Scottish Judgment under the doctrines of international comity, res judicata, and collateral estoppel. The Court then disposes of objections to Defendants' summary judgment evidence lodged by Plaintiff.

### *A. Motion for Partial Summary Judgment*

Where a foreign judgment is invoked for preclusive effect, courts first consider whether to recognize the judgment pursuant to principles of comity before using the doctrines of res judicata

and collateral estoppel to analyze preclusion. *See Canadian Standards Ass'n v. P.S. Knight Co.*, 649 F. Supp. 3d 334, 349 (W.D. Tex. 2023) ("Finding no issue with the basics of comity, the Court will hold the Canadian judgments conclusive . . . to the extent that they satisfy the requirements of collateral estoppel."), *rev'd in part and vacated in part on other grounds*, 112 F.4th 298 (5th Cir. 2024); *Video Ocean Grp. LLC v. Balaji Mgmt. Inc.*, No. H-03-1311, 2006 WL 964565, at *8 (S.D. Tex. Apr. 12, 2006) (considering comity first before turning to collateral estoppel (citation omitted)).

*i. Comity*

In a case premised on diversity jurisdiction, like this one, Texas law governs the recognition of a foreign judgment. *Banque Libanaise Pour Le Commerce v. Khreich*, 915 F.2d 1000, 1003 (5th Cir. 1990) (citation omitted). Texas law permits the recognition of certain "foreign-country judgment[s]" "under principles of comity."[3] TEX. CIV. PRAC. & REM. CODE ANN. § 36A.011. Comity is the recognition that one nation allows to the "judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens." *Int'l Transactions, Ltd. v. Embotelladora Agral Regiomontana, SA de CV*, 347 F.3d 589, 593 (5th Cir. 2003) (quoting *Hilton v. Guyot*, 159 U.S. 113, 163-64 (1895)). The rationale underlying the grant of comity to a foreign judgment is that "once the parties have had an opportunity to present their cases fully and fairly before a court of competent jurisdiction, the results of the litigation process should be final." *Id.* (citation omitted). But comity should be withheld when there was

---

[3] Foreign judgments that grant or deny recovery of a sum of money are recognized pursuant to the Texas Uniform Foreign-Country Money Judgments Recognition Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 36A.003(a). Plaintiff contends that this statute applies in this case. Resp. 13-14. But the Act only provides that a foreign judgment "is conclusive in Texas . . . to the extent that it grants or denies recovery of a sum of money." *Hunt v. BP Expl. Co. (Libya)*, 580 F. Supp. 304, 307 (N.D. Tex. 1984). Defendants do not invoke the Scottish Judgment for any monetary recovery. Nonetheless, because the Court denies the Motion based on comity and preclusion, application of the Act would not change the outcome.

prejudice in the foreign court, fraud, or some other reason to deny recognition. *Banco Minero v. Ross*, 172 S.W. 711, 714 (Tex. 1915) (citing *Hilton*, 159 U.S. 113). "Comity is an affirmative defense and the parties urging comity . . . have the burden of proof on the issue." *Int'l Transactions*, 347 F.3d at 594 (citation omitted).

Under principles of comity, a foreign court's judgment is conclusive in a federal court when

> (1) the foreign judgment was rendered by a court of competent jurisdiction, which had jurisdiction over the cause and the parties, (2) the judgment is supported by due allegations and proof, (3) the relevant parties had an opportunity to be heard, (4) the foreign court follows procedural rules, and (5) the foreign proceedings are stated in a clear and formal record.

*Id.* (citing *Hilton*, 159 U.S. at 159); *Banco Minero*, 172 S.W. at 714 (citation omitted). Essentially, a foreign judgment will not be awarded preclusive effect "unless it was obtained under a system with procedures compatible with the requirements of due process of law." *Int'l Transactions*, 347 F.3d at 594 (citing, among other sources, *Hilton*, 159 U.S. at 205-06); *see also Fuentes v. Zaragoza*, 555 S.W.3d 141, 154 (Tex. App.—Houston [1st Dist.] 2018, no pet.) ("[N]o other jurisdiction shall give effect, even as a matter of comity, to a judgment elsewhere acquired without due process." (citation omitted)).

Defendants have not carried their burden to demonstrate that the Court should recognize the Scottish Judgment. The liquidation proceedings did not take place before a court and did not involve a judge, the adjudicators were accountants rather than lawyers, traditional discovery was not conducted, and the Scottish Judgment included very little, if any, independent legal analysis, among other issues. Therefore, it is not clear that the parties had the chance to fully and fairly present their cases. Under these circumstances, recognition of the Scottish Judgment at the summary judgment stage is inappropriate. *See, e.g.*, *Sucre Exp., S.A. v. Loubier*, No. 96-3941, 1998 WL 169702, at *3 (E.D. La. Apr. 9, 1998) (denying summary judgment where the record was not

sufficiently clear that the foreign court "employed procedures which provided the parties with due process of law").

*ii. Res Judicata*

Res judicata bars litigation of claims that were litigated or should have been raised in an earlier lawsuit. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted). Res judicata has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.* (citation omitted).

Because res judicata is an affirmative defense, Defendants bear "the burden of establishing that its requirements are satisfied." *Welsh v. Fort Bend Indep. Sch. Dist.*, 860 F.3d 762, 764 (5th Cir. 2017) (citations omitted). Defendants have not carried this burden at least with respect to the fourth element. "[T]o determine whether both suits involve the same cause of action, [the Fifth Circuit] uses the transactional test." *Test Masters*, 428 F.3d at 571 (citation omitted). Under this test, "a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.* (citation omitted). But "[e]ven if the two actions are the same under the transactional test, res judicata does not bar the [subsequent] action unless the [plaintiff] could and should have brought [its] claims in the former proceedings." *Howe v. Vaughan* (*In re Howe*), 913 F.2d 1138, 1145 (5th Cir. 1990) (citation omitted); *see also D-1 Enters., Inc. v. Com. State Bank*, 864 F.2d 36, 38 (5th Cir. 1989) ("Essential to the application of the doctrine of *res judicata* is the principle that the previously unlitigated claim to be precluded could and should have been brought in the earlier litigation." (citation omitted)).

Defendants rely heavily on the fact that Plaintiff submitted the Third Amended Complaint in the Scottish liquidation proceedings to argue that the claims in both actions are identical and that Plaintiff could and should have brought its claims in Scotland. *See* Defs.' Br. 25-27. But the Liquidators did not consider the claims in or rule on the Third Amended Complaint. Moreover, the live pleading in this case is the Fifth Amended Complaint, which includes additional factual allegations and causes of action.[4] Having reviewed the summary judgment evidence, the Court finds support for Plaintiff's position that the Third Amended Complaint was submitted only to provide an overview of the factual and legal issues, "from which [Plaintiff] then detailed the specific patent related issues forming the Scottish claims." Resp. 18. Additionally, the Liquidators were not lawyers or judges, and Defendant has not demonstrated that they could have considered the Texas state law or federal statutory claims that predominate in this case. Therefore, genuine issues of material fact remain that preclude summary judgment based on res judicata.

*iii. Collateral Estoppel*

"Collateral estoppel precludes a party from litigating an issue already raised in an earlier action between the same parties" if certain conditions are met. *Test Masters*, 428 F.3d at 572 (citation omitted). Collateral estoppel requires that: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) determining the issue in the prior action was a necessary part of the judgment in that action. *Id.* (citation omitted). Collateral estoppel does not apply unless "both the facts and the legal standard used to assess them are the same in both proceedings." *Copeland v. Merrill Lynch & Co.*, 47 F.3d 1415, 1422 (5th Cir. 1995) (citation omitted).

[4] Adding to the confusion, Defendants' argument focuses on the Fourth Amended Complaint, which is not the current live pleading. Defs.' Br. 1, 19, 25-28.

Here, Defendants have not established beyond peradventure that the same facts and legal standards were used in the Scottish liquidation proceedings. In fact, Defendants' argument on this point is limited to a single sentence: "[T]he legal standard . . . is the same—Texas law." Defs.' Br. 11 (citation omitted). This assertion, without more, is insufficient to carry Defendants' burden.

Plaintiff has put forth evidence that the "legal analysis required in the" Scottish liquidation proceedings "differ[s] from the issue presented by" Plaintiff's claims in this case. *Copeland*, 47 F.3d at 1422. For instance, the Liquidators relied on patent concepts not relevant to the claims in the Fifth Amended Complaint. *See, e.g.*, Scottish J. 38 ¶ IV.5; Pl.'s App., Ex. B, at 19-20 ¶¶ 29-30 (noting that the Liquidators relied on patent concepts like "inventiveness" and "prior art"). And it is unclear whether the standards used by the Liquidators in reaching their decision, such as "on the balance of probabilities," Scottish J. 36 ¶ I.1.1, are sufficiently similar to those that will be used by this Court and a jury in adjudicating Plaintiff's claims. In other words, Defendants have not satisfactorily demonstrated that allowing Plaintiff's claims to proceed "would require re-litigation of the same facts, applied to the same principles of law, supported by the same evidence, judged by the same standard or burden of proof." *Ortiz v. Minn. Life Ins. Co.*, No. 4:20-CV-00923-SDJ-CAN, 2023 WL 4045380, at *12 (E.D. Tex. June 16, 2023) (citation omitted), *report and recommendation adopted by* 2023 WL 6037906 (E.D. Tex. Sep. 15, 2023). Thus, summary judgment on collateral estoppel is not warranted.

### *B. Evidentiary Objections*

In connection with its Response, Plaintiff filed Objections to Defendants' Summary Judgment Evidence ("Objections") [ECF No. 631]. Defendants filed the Response to the Objections [ECF No. 663]. Even if the Court considered the challenged evidence, it would reach the same conclusions above. As such, the Court overrules Plaintiff's Objections as moot.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion for Partial Summary Judgment on Res Judicata [ECF No. 613].

**SO ORDERED.**

SIGNED November 13, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**